VILENA H. BARNES, Admx., Plaintiff in Error, *vs.* GEORGE EARLE *et al.* Defendants in Error.

*Opinion filed October 24, 1916—Rehearing denied Dec. 7, 1916.*

1. EVIDENCE—*statutory disqualification of interest not against the party suing or defending as administratrix.* The statutory disqualification of a person interested in the result of a suit is not against the party suing or defending as administratrix but against the party suing or defending adversely to the administratrix, and does not extend to a person offered by the administratrix as a witness in her behalf.

2. SAME—*wife may testify to matters occurring after death of husband.* In a proceeding in the probate court where creditors are objecting to the widow's report of the sale of the husband's personal property and business the widow is competent to testify to matters occurring after the death of her husband.

3. APPEALS AND ERRORS—*when errors in ruling on evidence will not reverse.* Errors in ruling on evidence will not be ground for reversal where they were not prejudicial to the defeated party.

4. SAME—*deposition need not be incorporated in certificate of evidence.* A proceeding in the probate court where creditors object to the widow's report of sale and seek to have her account for the proceeds of the sale as made is in the nature of a proceeding in chancery, and a deposition filed in the cause, though suppressed on objection, is a part of the record proper without being incorporated in a certificate of evidence.

5. SAME—*when view taken by probate court is of no importance.* On appeal to the circuit court from an order of the probate court in the matter of requiring the widow to account for the proceeds of the sale of her husband's personal property and business the circuit court does not sit as a court of errors but tries the cause *de novo,* and on further appeal to the Appellate and Supreme Courts the judgment to be reviewed is that of the circuit court, and the view of the probate court is of no importance in passing upon that judgment.

WRIT OF ERROR to the Branch "D" Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. ADELOR J. PETIT, Judge, presiding.

WENTWORTH, CAVENDER & KAISER, M. A. NATANSON, and C. A. COOLIDGE, (DANIEL S. WENTWORTH, and D. B. MALONEY, of counsel,) for plaintiff in error.

ADAMS & WINNEN, for defendants in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The plaintiff in error, Vilena H. Barnes, filed in the probate court of Cook county her final account as administratrix of the estate of her deceased husband, Francis A. Barnes, in which she charged herself with $166.55 as the proceeds of a sale of the furniture and fixtures in the office of F. A. Barnes & Co. The defendants in error, George Earle and others, creditors of the estate, objected to the account and claimed that the plaintiff in error had sold the property and business of her deceased husband for $1550. The court ordered the plaintiff in error to file an amended final account, which she refused to do, and the court thereupon, against her objection, stated an account for her in which she was charged with $1033.45 as the proceeds of the sale. She appealed to the circuit court, where there was a trial by the court, resulting in the same judgment as the one appealed from. From the judgment of the circuit court she appealed to the Appellate Court for the First District, where the judgment was affirmed, and this court granted a writ of *certiorari* to bring the record here for review.

Francis A. Barnes and Samuel Parish were partners as real estate brokers in the city of Chicago, under the firm name of Barnes & Parish. Samuel Parish died in December, 1904, and Francis A. Barnes thereafter conducted the business under the name of F. A. Barnes & Co. On November 11, 1905, Barnes died and the plaintiff in error was appointed administratrix of his estate, and immediately after, on November 25, 1905, she sold the office furniture,

business and good will to G. H. Schneider & Co. for $1550. The office furniture had been appraised at $166.55, and the plaintiff in error charged herself with that amount. She claimed that her son, Percy Barnes, became a partner with his father after the death of Samuel Parish; that on the death of his father the partnership property, business and good will vested in him as surviving partner; that she purchased the business and good will of him for $350, and afterward sold the same, individually and in her own right, together with the furniture, for $1550. To prove that Percy Barnes was a partner with his father the plaintiff in error offered his deposition taken in the cause. Objection was made that Percy Barnes was incompetent as a witness, and the court sustained the objection and suppressed the deposition. The plaintiff in error also offered herself as a witness, and a like objection was made that she was incompetent to testify. The court sustained the objection and refused to admit her testimony. The court erred in each of these rulings. If Percy Barnes had had any interest in the result of the proceeding it would not have disqualified him, because the adverse party was not suing or defending as administratrix, and the statutory disqualification is not against the party suing or defending as administrator but against the party suing or defending adversely to the administrator. (*Steele* v. *Clark,* 77 Ill. 471; *Illinois Central Railroad Co.* v. *Reardon,* 157 id. 372; *Bailey* v. *Robison,* 244 id. 16.) If Percy Barnes had come within the terms of the statute he was neither a party to the proceeding nor directly interested in the event. The question whether his mother should be charged with all that she received from G. H. Schneider & Co. did not concern him. The estate was insolvent to the extent of more than $10,000 and he would not gain or lose by the event of the suit, and the judgment could not be given in evidence, either for or against him, in another suit. An offer was made to prove certain facts by the plaintiff in error, and it embraced some

things which occurred in the lifetime of her husband concerning which she was incompetent. (*Schreffler* v. *Chase,* 245 Ill. 395.) She was competent to testify to matters occurring after the death of her husband, not being disqualified by any statutory provision.

If the rulings of the court in holding the witnesses incompetent and excluding their testimony was prejudicial to the plaintiff in error they would require a reversal of the judgment, but if they were not prejudicial the judgment ought not to be reversed. Counsel for defendants in error say that the deposition of Percy Barnes cannot be considered because it has not been made a part of the bill of exceptions and the court cannot know what it contains. This is a misapprehension of the law. No pleadings were required in the case. The proceeding was not in the course of the common law, and the account appealed from was stated by the probate court against the objection of the plaintiff in error. The proceeding was in the nature of a proceeding in equity and was governed by the rules of equity practice. (*Wadsworth* v. *Connell,* 104 Ill. 369; *Estate of Corrington,* 124 id. 363.) In equity, depositions filed in a cause are part of the record without any certificate of evidence. (*Ferris* v. *McClure,* 40 Ill. 99; *Bressler* v. *McCune,* 56 id. 475; *Moss* v. *McCall,* 75 id. 190; *Heacock* v. *Hosmer,* 109 id. 245; *Ryan* v. *Sanford,* 133 id. 291.) In his deposition Percy Barnes testified that after the death of Samuel Parish he and his father made a verbal agreement that he should be a partner in the firm; that he should have so much for expenses and have an accounting on the first of the following year, when the business was to be re-organized, and that the proceeds were to be divided equally; but he also testified that the bank account was carried under the name of F. A. Barnes & Co.; that his father signed the checks; that no announcements were sent out stating that he was a partner and that his name was not placed on the stationery. A witness testified that Francis

A. Barnes, about three months before his death, told him that it was his intention, as soon as the business shaped itself so that he could, that Percy Barnes and the witness were to have a working interest, so that in case anything should happen to him the business would be carried on. In offering the plaintiff in error as a witness her attorney stated what he proposed to prove by her, and the only things occurring after the death of Francis A. Barnes concerning which she was competent to testify were that Percy Barnes did not live at home, and that as soon as she saw him after the death of her husband he claimed that he was going ahead with the business as his surviving partner. What Percy Barnes said was not legitimate evidence, and the sale to G. H. Schneider & Co. was made only two weeks after his father's death. Considering all the evidence admitted and the legitimate evidence excluded, we do not see how the court could have concluded that there was a partnership between Percy Barnes and his father, and the errors of the court were therefore not prejudicial.

The probate court evidently concluded that there was a partnership from the fact of giving credit for the amount paid Percy Barnes and the judgment of that court must have been based on some other ground. But the view of the case taken by the probate court is of no importance. On appeal from the probate court the circuit court did not sit as a court of errors but tried the cause *de novo*. (*Kasting* v. *Kasting,* 47 Ill. 438.) The appeal brought up the whole matter for trial, but at the trial the attorney for the plaintiff in error, in a statement made to the court, asserted her claim that the estate had no interest in the $1033.45, and he asked for an order reversing the order of the probate court and excusing her from accounting to the estate for said sum of $1033.45. The plaintiff in error did not complain in the circuit court of the allowance to her of $350 paid to Percy Barnes, and if, as a matter of fact, the conclusion of the probate court was illogical or inconsistent,

the circuit court was not concerned in that question. That court was trying the case *de novo,* and the judgment of that court, only, is now under review.

The judgment ought not to be reversed on account of the errors in the record, which in our judgment could not have affected the result, and accordingly the judgment is affirmed.

*Judgment affirmed.*