In re Estate of Theophilus Noel, Deceased, on appeal of Joseph R. Noel, Appellant, v. Elizabeth A. Noel et al., Appellees.

## Gen. No. 28,185.

1. WILLS—*sufficiency of proof of foreign will in circuit court on appeal from probate court.* An order of the circuit court entered on appeal from the probate court "affirming" an order of the latter court admitting a foreign will to probate is entered upon insufficient proof under the Uniform Foreign Probate Act of June 11, 1917, sec. 3, Cahill's Ill. St. ch. 148, ¶ 31, requiring that it must appear that the will has been duly proved, allowed and admitted outside the State, and that it was executed according to the law of the place where made or where the testator was then domiciled or in conformity with the laws of Illinois, where the only evidence offered was an amended petition for ancillary letters filed in the probate court in which it was alleged that testator was a resident of Michigan at the time of his death, that the will was there probated and that petitioner is his sole heir and legatee, there being no proof of probate of the will in Michigan or as to the manner of its execution.

2. WILLS—*procedure on appeal from probate to circuit court.* On appeal to the circuit court from an order of the probate court admitting a foreign will to probate and granting ancillary letters, it is the duty of circuit court to try the cause *de novo*, and the

petitioner is required to make such proof as is prescribed by the Uniform Foreign Probate Act, sec. 3, Cahill's Ill. St. ch. 148, ¶ 31, and on such appeal an order merely "affirming" an order of the probate court admitting the will to probate made without any proof of the will or the manner of its execution is erroneous.

3. APPEAL AND ERROR—*necessity for arguing questions on appeal.* Objections to a petition for the admission of a foreign will to probate, made in the probate court and presented to the circuit court on appeal from an order admitting the will to probate and granting ancillary letters, will not be considered by the Appellate Court where such objections were not urged or argued before it on an appeal from the order of the circuit court affirming the order of the probate court.

Appeal by plaintiff from the Circuit Court of Cook county; the Hon. THOMAS J. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1922. Reversed and remanded Opinion filed April 24, 1923.

WEISSENBACH, HARTMAN & CRAIG, for appellant.

NORMAN K. ANDERSON and BENJAMIN CLARKE, for appellees.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

Elizabeth A. Noel, one of the appellees herein, filed her amended petition in the probate court of Cook county praying that the will of Theophilus Noel, who at the time of his death was a resident of Berrien county, Michigan, be admitted to probate, and that ancillary letters with the will annexed be issued to Robert J. Scott, the other appellee herein. The petition alleged among other things that said Theophilus Noel executed a will which was probated in said Berrien county, and that appellant was his sole heir and residuary legatee. An order was issued in the probate court for the issuance of such letters, and on a hearing of the appeal therefrom in the circuit court an order was entered "affirming" the same. From the latter order this appeal was taken.

Appellant argues only two points, that the order

of the circuit court was entered without a probate of the will, and that it merely "affirms" the order of the probate court.

As both of these points are well taken, it is unnecessary to set out the full contents of the petition, for the only evidence introduced on the part of appellee before the circuit court was the amended petition that was filed in the probate court. Thereupon appellant introduced in evidence the objections which he had filed to said petition in the probate court, the order of that court overruling the same, and the entries on its docket indicating what proceedings were taken therein. It was stipulated that these were all the docket entries pertaining to said estate.

Such proof was manifestly insufficient. Section 2 of the Uniform Foreign Probate Act [Cahill's Ill. St. ch. 148, ¶ 30], approved June 11, 1917, provides for a hearing upon such a petition for probate, and section 3 that at such hearing it must appear to the satisfaction of the court that the will had been duly proved, allowed and admitted to probate outside of this State, and that it was executed according to the law of the place in which the same was made, or in which the testator was at the time domiciled, or in conformity with the laws of this State, and that when it is so proven it must be admitted to probate with the same force and effect of the original probate of a domestic will. [Cahill's Ill. St. ch. 148, ¶ 31.]

There was no proof whatever that the will was admitted to probate outside of this State, or of the execution thereof as required in said section 3. The mere filing of the petition, alleging that it was executed in accordance with the law of Michigan, did not constitute proof of that fact. Without such proof as prescribed in said section 3, the court would have no authority to appoint an administrator with the will annexed.

The character of the proof adduced and of the order entered indicates that both parties regarded the

circuit court as sitting in review of the probate court. On appeal from the latter court the circuit court does not sit as a court of errors but to try the cause *de novo,* and what takes place before the probate court is of no importance. (*Barnes v. Earle,* 275 Ill. 381, 385.) It therefore devolved upon the petitioner to make such proof before the circuit court as is required under section 3 of said Act, and if upon such appeal the will is admitted to probate, it is probated in the circuit court and not in the probate court. (*O'Brien v. Bonfield,* 220 Ill. 219, 223.) In such a case we understand the practice to be that after hearing the circuit court enters an order either admitting or refusing the will to probate, and that a certified copy of such order is transmitted to the probate court. (Id. p. 224.)

Regardless of the informality of the order it must be reversed for the failure to present adequate proof in support of the petition, as required by said section 3, and the cause must be remanded to the circuit court for another hearing.

We are asked by appellee to decide questions pertaining to the sufficiency of the petition not relied upon or argued here by appellant. If appellant by making proof of the objections he filed in the probate court intended that they should be treated as a demurrer in the circuit court to the petition, he has not argued the case here on that theory but simply on the question of the insufficiency of the proof and the form of the order. We cannot undertake to decide grounds for reversal that might be urged but are not relied upon or argued by appellant.

Accordingly the judgment will be reversed and the cause remanded to the circuit court for a proper hearing.

*Reversed and remanded.*

Gridley and Fitch, JJ., concur.