In the Matter of Estate of Katie Murray, Deceased et al., Appellees, v. Appeal of Carrie Murray, Appellant.

**Gen. No. 41,452.**

Opinion filed April 23, 1941.

JAMES W. MRAZ, of Chicago, for appellant.

CRESCENT P. O'CONNOR and JAMES W. COTTER, both of Chicago, for certain appellees; JAMES W. COTTER, of counsel.

MR. JUSTICE BURKE delivered the opinion of the court.

The estate of Katie Murray, deceased, was pending in the probate court of Cook county. George J. Murray, a son of the decedent, was the administrator. In May, 1937, Carrie Murray, wife of the administrator, filed her claim against the estate in the sum of $617.50 for "room, board and practical nursing." The administrator endorsed his appearance on the claim and consented to the allowance thereof. On September 27, 1937, it was allowed as a sixth class claim. On July 8, 1938, the probate court entered the following order:

"This cause coming on to be heard on the motion of C. P. O'Connor, Atty. for Anna Murray Swain, et al., for an order to vacate the order allowing and disallowance of the claim of Carrie Murray which was heretofore allowed by this Court on Sept. 27, 1937, and the Court having heard the testimony and arguments of Counsel for all interested parties and being fully advised in the premises: It Is Hereby Ordered Adjudged and Decreed that the order heretofore entered allowing the claim of Carrie Murray in the amount of $617.50 be and it is hereby vacated and it is further ordered that said claim be and it is hereby disallowed." From the last mentioned order Carrie Murray appealed to the Circuit Court, on May 10, 1940, that court entered the following order:

"On motion of Crescent P. O'Connor, solicitor for certain heirs, this matter having been heard upon the appeal of Carrie Murray, from an order of the Probate Court vacating and setting aside the order of allowance and disallowing the claim of Carrie Murray, and the Court having heard testimony and counsel having filed written briefs and the Court being first

duly advised in the premises; It Is Ordered that the appeal of Carrie Murray, claimant herein, be and it is in all respects dismissed. It Is Further Ordered, that order and orders of the Probate Court herein appealed from are in all respects confirmed and affirmed. And to which entry of this order the said Carrie Murray, claimant, duly excepts.'' The instant appeal is prosecuted for the purpose of reviewing this order. Appellant filed her praecipe with the clerk of the circuit court, directing him to make up a transcript of the record and to insert therein, among other documents:

''11. The report of the proceedings at the trial consisting of the testimony and the rulings of the trial judge, and all matters upon which such rulings were made and other proceedings which claimant and appellant desire to incorporate in the record on an appeal, or a complete stenographic record of the proceedings at the trial consisting of the testimony and rulings of the trial judge, and all matters upon which all such rulings were made, or a report of the trial judge of his reasons for his decision, or in lieu of such report of the proceedings, a written stipulation of a statement of facts material to the controversy in litigation by all parties interested, either one of which is to be certified by the trial judge and filed, presented and approved in said cause at the election of said Carrie Murray, claimant herein, together with order of presentment and approval thereof.''

''12. A certificate that the same is a complete transcript of the proceedings had in this court.'' The clerk of the circuit court certified the record before us to be a true, perfect and complete transcript of the record according to a certain praecipe filed in his office on June 10, 1940, ''excepting item No. 11, which is not of record.''

The claimant urges that the order of the probate court allowing her claim is a judgment. In *Mitchell v. Mayo,* 16 Ill. 83, the Supreme Court decided that

an order allowing a claim in probate is a judgment. The court there points out that upon such a judgment "no execution is awarded, but the judgment is ordered to be paid in the due course of administration." Claimant concedes that in a proper case the probate court may set aside the allowance of a claim after the close of the term at which it was allowed, as for fraud, accident or mistake. She maintains, however, that no petition or affidavit was presented to the probate court in support of the motion to vacate the order allowing the claim, as required by rule 64 of the rules of practice of the probate court, adopted in January, 1936. Claimant's theory of her case is that "the Probate Court was without jurisdiction to vacate and set aside its order allowing appellant's claim almost nine months after its allowance without proper notice, objections of any kind, or petition setting forth fraud, accident or mistake, together with proof thereof, and that the Circuit Court erred in not so holding; and that the Circuit Court erred in not disposing of that question, and then, if necessary, proceeding to a hearing on the merits." On appeal from the probate court, the circuit court does not sit as a court of errors, but tries the case *de novo.* (*Barnes v. Earle,* 275 Ill. 381, 385.) The presumptions are in favor of the action of the trial court and the burden is upon appellant to point out in the record any error which would warrant this court in reversing or modifying the order of the trial court. Although appellant directed the clerk to include in the transcript of the record the report of the proceedings at the trial consisting of the testimony and the rulings of the trial judge, she failed to procure such report. The order appealed from recites that the court heard testimony and was fully advised in the premises. As the order of the circuit court is presumed to be correct, and as appellant has not brought before us a transcript of the testimony on which the trial judge based his order, she has not sustained the burden imposed on her of pointing out

errors committed by the court. In such a situation we presume that the evidence supports the order. Under Rule 36 of the Supreme Court the party appealing may or may not specify that the report of the trial proceedings shall be included in the transcript. This rule also provides that no dismissal of the appeal shall be made by the trial court where the appellant, after filing his praecipe, elects not to include any proceedings at the trial in the record on review, and transmits the record on appeal to the reviewing court in proper time without such proceedings. In the case at bar appellant did not elect to proceed with her appeal without including in the record a transcript of the proceedings at the trial. The record before us includes a copy of the claim with endorsements thereon, a copy of a petition filed by the attorney for the administrator praying for the restoration of such claim which had become lost, a copy of the order of the probate court vacating the order theretofore entered allowing the claim, a copy of the order allowing the appeal to the circuit court, a copy of the appeal bond, a petition in the circuit court by the attorney for the administrator asking that he be relieved of the duty of defending the appeal in that court and that he be permitted to associate himself with counsel for the claimant in the prosecution of the appeal, an order denying the prayer of that petition, and a petition filed in the circuit court by claimant alleging various steps taken in the probate court and praying that an order be entered in the circuit court reversing, vacating and setting aside the order of the probate court of July 8, 1938, and that Carrie Murray's claim against the estate be allowed. The record also contains the final order of the circuit court, the notice of appeal and the praecipe. It will be observed that the record filed in this court does not show that the probate court acted improperly in setting aside the allowance of the claim. The presumption is that the probate court acted in accordance with the law. There is no pre-

tense that all of the record of the probate court is included in the transcript before us. The petition filed by the claimant in the circuit court does make various allegations as to the occurrences in the probate court. This petition, however, is in the nature of a pleading and cannot take the place of the transcript of the testimony. It does not appear whether the parties opposing the claim were ruled to answer the petition. As pointed out, the circuit court tried the case *de novo*. The presumption is that the judgment of that court is in accordance with the justice of the case. The record shows that testimony was heard. The transcript of the testimony has not been included in the record. In the absence of the transcript of the evidence, we assume that such evidence supports the order sought to be reversed. The record that is before us does not show that either the probate or the circuit court committed any error which would warrant us in reversing the order.

Because of the views expressed, the order of the circuit court of Cook county is affirmed.

*Order Affirmed.*

HEBEL, P. J., and DENIS E. SULLIVAN, J., concur.