Kathryn C. Schwartfager, Appellee, v. Florence I. Schwartfager, Administratrix of Estate of Harold A. Schwartfager, Appellant.

Gen. No. 10,064.

Opinion filed December 12, 1946. Released for publication December 30, 1946.

GEORGE D. CARBARY and PAUL M. HAMILTON, both of Elgin, for appellant.

CHARLES G. SEIDEL and ERNEST W. AKEMANN, both of Elgin, for appellee.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

Harold A. Schwartfager died in 1937, in Kane county, Illinois, leaving a widow and two minor children. His widow, Florence, was appointed administratrix of his estate, on October 5, 1937. In August 1938, appraisers were appointed to fix the widow's award, which was fixed at $5,000, and for each of the minor children $200, or a total award of $5,400. The probate court on the same day approved the award. To satisfy the award, the widow selected certain personal property, and on July 9, 1941, filed her final report. The inventory filed shows the only assets of said estate were 175 shares of stock in the Elgin Flour and Feed Company.

On April 29, 1938, Kittie C. Schwartfager filed her claim against the estate, which was allowed for $2,000 on October 3, 1940, as a sixth class claim. On October 3, 1940, Kittie Schwartfager filed a petition in the probate court of Kane county to revise the widow's award. On February 19, 1942, the probate court

entered an order reducing the widow's award from $5,000 to $2,500, and from that order the widow, as administratrix, perfected an appeal to the circuit court.

The cause was heard in the circuit court on a stipulation of facts that the only assets of the estate were 175 shares of stock in the Elgin Flour and Feed Company, appraised at $30 per share, and the testimony of the attorney representing the claimant, to the effect they had discussed on numerous occasions, with the attorney for the administratrix, the possibility of a settlement of the claim, and for that reason, the claim of Kittie C. Schwartfager was permitted to rest.

At the conclusion of the hearing, the circuit court, on July 18, 1945, entered an order dismissing the appeal, and entered judgment in favor of the appellee. It is from this judgment that the appeal to this court has been prosecuted.

■■ It has been repeatedly held both by the Supreme and Appellate Courts of this State, that in appeals from the probate court to the circuit court, the hearing is a trial *de novo,* and the appeal acts to set aside any order that might have been rendered in the probate court. The circuit court does not sit as a court of errors, but should try the case the same as though it had never been tried before, which on further appeal to the Appellate or Supreme Court, the judgment should be reviewed as that of the circuit court and the view of the probate court is of no importance in passing on that judgment. *Barnes v. Earle,* 275 Ill. 381; *In re Estate of Murray v. Appeal of Murray,* 310 Ill. App. 121; *In re Estate of Schwartz,* 286 Ill. App. 310, and *In re Estate of Noel v. Noel,* 228 Ill. App. 569.

■ We are of the opinion that the effect of prosecuting the appeal from the judgment of the probate court reducing the widow's award, was to vacate the judgment of the probate court, and it was the duty of the circuit court to pass upon the merits of the case. It should have tried the case *de novo,* and upon such an

appeal, it was without jurisdiction, either to affirm, or reverse the judgment of the probate court, but only to try the case *de novo, Wesemann v. Foley,* 231 Ill. App. 104.

The judgment of the circuit court dismissing the appeal is reversed, and the cause remanded to the said court to proceed and try the case *de novo.* Upon the merits of the case, we express no opinion.

*Reversed and remanded.*