In the Matter of Estate of Norman W. Redmer, Deceased.
Hugo J. Hakala, Administrator with Will Annexed of Estate of Norman W. Redmer, Deceased, Petitioner-Appellee, v. Martin H. Redmer, Trustee Under Last Will and Testament of Norman W. Redmer, Deceased, and Bessie C. Redmer, Guardian of Estate of Norman Frank Redmer, a Minor, Objectors-Appellants.

Gen. No. 10,566.

Opinion filed September 9, 1952. Rehearing denied October 9, 1952. Released for publication October 15, 1952.

GREENWALD & MAGID, of Chicago, for certain appellant, and WAYNE WILSON, of Sycamore, and THEODORE L. ANDERSON, of Rochelle, for certain other appellant.

SEARS & STREIT, of Chicago, for appellee; BARNABAS F. SEARS, and DAVID H. ARMSTRONG, both of Chicago, of counsel.

MR. JUSTICE WOLFE delivered the opinion of the court.

This is an appeal from an order of the circuit court of DeKalb county, authorizing and directing the petitioner-appellee, Hugo Hakala, as administrator with the will annexed of the estate of Norman W. Redmer,

deceased, to vote stock in favor of accepting an offer to purchase the assets of United Precision Products Company for $55,100. The order of the circuit court was entered upon an appeal from an order of the county court, of DeKalb county, entered May 22, 1950, authorizing and directing the petitioner to vote said stock to accept said offer. The orders were entered upon a verified petition of the said administrator. Martin H. Redmer, trustee under the last will and testament of Norman W. Redmer, deceased, and Bessie C. Redmer, guardian of the estate of Norman Frank Redmer, a minor, objected to said order and have prosecuted an appeal to this court to reverse the order of the circuit court.

 The appellants filed a motion asking leave to file an additional record and the will of Norman W. Redmer, deceased. Objections were filed by the appellee and the motion and objection were taken with the case. The motion for leave to file the will will be granted and the same filed.

It is insisted by the appellants, that, "Norman W. Redmer, now deceased, never in his lifetime initiated and carried through to lawful completion any conveyance, transfer, or assignment of all or any part of his individual and personal right, title, and interest in and to all or any part of the personal property owned by him and appertaining to the business conducted by him under the name of United Precision Products Company to the new corporate entity of the same name."

 Both oral and documentary evidence were admitted to prove that there was a transfer of Norman W. Redmer's personal property to the new corporation. It is not of as clear and convincing nature, as should be desired. The corporate records were incomplete, and as before stated oral evidence was admitted by the court to prove some of the material facts in regard to the transfer of the Redmer interest to the

78

corporation. The trial court held that there was a transfer, and a review of the evidence convinces us that the court properly found that there was such a transfer of the Redmer interest to the corporation.

It is insisted that the purported appointment of the present petitioner, Hugo Hakala, as administrator with the will annexed of the estate of Norman W. Redmer, deceased, by the county court Nov. 1, 1948, is null and void *ab initio*. The court heard considerable evidence in regard to this appointment. The record shows that the will provided that Martin H. Redmer, Wilhelmina Redmer and the Pioneer Trust and Savings Bank were appointed executors of said will, and that the will expressly waived any surety on the bonds of the said parties while serving as such executors. The Pioneer Trust and Savings Bank refused to act as executor and filed a refusal in writing. Martin Redmer and Wilhelmina Redmer petitioned the court to be appointed executors and for letters testamentary to be issued to them, and the county court signed an order, admitted the will to probate, and appointed Martin Redmer and Wilhelmina Redmer executors of said will, but required them to give a bond of $40,000 each. They did not file a bond. Later, without any order setting aside the appointment of Martin Redmer and Wilhelmina Redmer as executors of said will, the court, without any petition filed so far as the record shows, appointed Hugo J. Hakala administrator, with the will annexed of Norman W. Redmer, deceased, and he has proceeded to administer the estate under that appointment.

The trial court in passing upon the validity of the appointment of Hakala as administrator, states: "It is my holding that Hugo J. Hakala is administrator of the will annexed and while there may be some question about the manner in which he was appointed, I believe he is de facto, at least administrator of the estate and invested with proper authority to petition

the Court to sell these assets. The attack on his appointment is a collateral attack and I think cannot be made in this manner." The appellants have cited numerous cases, some apparently holding that such an appointment of administrator as the evidence shows in this case would be absolutely null and void, but our courts in the case of *Salomon v. People for Use of Holdom,* 89 Ill. App. 374 had the same question presented to it, and it was there held that a question of the legal appointment of an administrator, in a suit against the administrator and a bondsman for failure to turn over funds in his possession to another administrator appointed by the court, was a collateral attack on the appointment of the present administrator, and could not be litigated in the original suit. The court stated: "The plea of McDonald and Moses Salomon, secondly above mentioned, questions the validity of the appointment of Jesse Holdom as administrator. It is thoroughly settled by the decisions of this State, that the validity of the appointment of an administrator can not be attacked collaterally." They cite numerous cases in support of this proposition of law. This case was appealed to the Supreme Court, reported in Vol. 191 Ill., at page 290. On page 294 of the opinion we find this language: "The legal conclusion drawn by the pleader from the facts alleged in the plea can have no greater force than such facts legally warrant, and unless it follows, as a conclusion of law from the facts stated, that the appointment of Holdom was void, and not simply erroneous, such appointment cannot be attacked in this, a collateral, proceeding, and the demurrer was properly sustained, for the rule in this State is, as stated in the syllabus to *Wight v. Wallbaum,* 39 Ill. 554, that the probate court, having jurisdiction and being empowered to act, by granting or refusing to grant letters of administration, the person to whom such letters are granted becomes at least an

administrator *de facto,* and the regularity of his appointment cannot be questioned in a collateral proceeding. On an application to revoke the letters, or on an appeal from the order granting the letters, all of the objections urged against their validity would be properly considered. (*Wight v. Wallbaum, supra; Schnell v. City of Chicago,* 38 Ill. 382; *Duffin v. Abbott,* 48 id. 17; *Shephard v. Rhodes,* 60 id. 301; *Hobson v. Ewan,* 62 id. 146; *Bostwick v. Skinner,* 80 id. 147; *Dodge v. Cole,* 97 id. 338; *Golder v. Bressler,* 105 id. 419; *People v. Salomon,* 184 id. 490.) Of course, to give the court jurisdiction there must be an estate, and the grant of letters of administration on a live man's estate is absolutely void. (*Thomas v. People,* 107 Ill. 517.) But if the court has jurisdiction of the subject matter and the person, the appointment is not void, however erroneous it may be. It follows that nothing alleged in these pleas constituted any defense to the suit.'' It is our conclusion that this question cannot be raised in this proceeding, as it is a collateral attack on the appointment of Hugo J. Hakala as administrator with the will annexed of Norman W. Redmer, deceased.

█ The case was appealed from the county court to the circuit court, and it is conceded that the circuit court then would try the case *de novo,* but there is a difference of opinion in regard to what the court's jurisdiction was in the case. It is conceded that at the time of the hearing in the circuit court the value of the property was considerably in excess of $55,100; that the court ruled that at the hearing before the circuit court that he was bound by the offer that was made, and that the county court considered. In this we think the court was in error. One of the cases cited by the appellee sustaining their contention that the court was bound by the order of the county court entered May 22, 1950, is *Bley v. Luebeck,* 377 Ill. 50. This case involved the probate of a will, and in the appeal

81

to the circuit court a new issue was sought to be introduced in the case, and the court held that the same issues should be tried in the circuit court as in the probate court, but that the trial was *de novo* and on page 60 of the opinion we find this language: ''Section 330 of the Probate act provides that any order, judgment, or decree in probate may be appealed from by any person who considers himself aggrieved to the circuit court. Section 333 of that act provides that upon an appeal to the circuit court the cause shall be tried de novo. A trial de novo in an appellate tribunal is a trial had as if no action whatever had been instituted in the court below.'' To the same effect is the *Estate of Johnson v. Kilpatrick,* 250 Ill. App. 416.

In the case of *Schwartfager v. Schwartfager,* 330 Ill. App. 111, the same question was presented to this court and we there stated: ''It has been repeatedly held both by the Supreme and Appellate Courts of this State, that in appeals from the probate court to the circuit court, the hearing is a trial *de novo,* and the appeal acts to set aside any order that might have been rendered in the probate court. The circuit court does not sit as a court of errors, but should try the case the same as though it had never been tried before, which on further appeal to the Appellate or Supreme Court, the judgment should be reviewed as that of the circuit court and the view of the probate court is of no importance in passing on that judgment. *Barnes v. Earle,* 275 Ill. 381; *In re Estate of Murray v. Appeal of Murray,* 310 Ill. App. 121; *In re Estate of Schwartz,* 286 Ill. App. 310, and *In re Estate of Noel v. Noel,* 228 Ill. App. 569.'' There are numerous other cases of the same effect. One is *McMahan v. Trautvetter,* 305 Ill. 395.

The petition of the appellee presented to the court the question whether it was for the best interest of the estate that the prayer of the petition be granted. It

must be borne in mind that the rights of an infant were also involved in the sale of this stock. The trial court permitted evidence to be introduced that the stock was worth more than $55,100 at the time of the hearing in the circuit court, and it is later shown that the final offer of $120,000 was made for the stock. It was not for the best interest of the estate and of the minor son, that this stock should be permitted to be sold at a sum of less than one-half of its real value at the time of the order of the circuit court.

The county court required the appellants to give a substantial bond, much more than the ordinary cost, so that the estate is protected by the appeal. The trial court erred in ordering this stock sold at less than one-half of what it was actually worth at the time of the hearing.

The judgment of the trial court is hereby reversed and the cause remanded.

*Reversed and the cause remanded.*