Harry Burstein, Claimant-Appellant, v. Millikin Trust Company, Executor of Will of Samuel Burstein, Deceased, Respondent-Appellee.

Gen. No. 9,851.

Opinion filed June 19, 1953. Released for publication July 7, 1953.

Louis L. Mason, and Francis R. Wiley, both of Decatur, for appellant.

Joseph L. Rosenberg, and Miller, Leach & Armstrong, all of Decatur, for appellee.

Mr. Justice Reynolds delivered the opinion of the court.

This cause involves the estate of Samuel Burstein, deceased. Samuel Burstein died testate on June 9, 1928, leaving surviving him his widow, Jennie Burstein, and his purportedly adopted son Harry Burstein, the appellant herein. Millikin Trust Company, the appellee herein, was named executor of the estate of Samuel Burstein and acted as such until 1934, when the estate was closed. On May 1, 1950, because of sale of lands in Wyoming, said lands not being included in the previous administration of the estate, the estate was re-opened and the Millikin Trust Company again appointed the executor of the estate. During the term of the executorship of the Millikin Trust Company as executor of the estate, in July 1928, an order of heirship was entered by the county court, naming the heirs as Jennie Burstein, widow, and Harry Burstein, an adopted son. On July 2, 1951, the Millikin Trust Company as executor, filed its final report. Hearing on the

464

final report was set for July 16, 1951. It does not appear that any action was taken on the final report until July 27th, 1951, when Harry Burstein, the appellant herein, filed his objections to the final report. The Millikin Trust Company, as executor, on August 1st, 1951, filed its motion to strike the objections to the final report on the grounds that the objector, Harry Burstein was neither heir, legatee, nor creditor of the estate of Samuel Burstein, deceased, and had no standing in the proceedings for approval of the final report. Hearing on the motion to strike the objections was held on August 6, 1951, and on September 27th, 1951, the county court entered its order striking the objections, approving the final report and ordering disbursement of the funds on hand. The county court held that the adoption proceedings of the said Harry Burstein were void and of no force and effect; that the objector, Harry Burstein was not properly in court in that he was not an heir and he did not receive an inheritable interest in the estate of Samuel Burstein, deceased, through the purported adoption proceedings of March 20th, 1897. Harry Burstein appealed this order to the circuit court of Macon county. At the hearing before the circuit court, appellant introduced the proof of heirship entered in the county court in the matter of the estate of Samuel Burstein, deceased, in July 1928. That seems to be the only evidence offered and the rest of the hearing before the circuit court was on the question of the motion by the appellee to strike the objections to the final report. The circuit court approved the final report of the executor and remanded it to the county court with instructions to enter an order striking the objections to the final report, approve the final report and upon distribution and filing receipts, the executor be discharged. From that order the appellant appeals to this court. On December 5th, 1952, the

appellee filed its motion for leave to file additional record, namely the record of the adoption of Harry Burstein and this motion was allowed by this court on February 3, 1953.

█ █ There does not seem to have been a trial *de novo* before the circuit court. The only evidence introduced was that of the proof of heirship and apparently, the court attempted to take judicial notice of all the documents and papers in the appeal and passed on that without any trial. This was error. Paragraph 487 of chapter 3, Illinois Revised Statutes (1951) [Jones Ill. Stats. Ann. 110.584], provides that: "Upon an appeal to the circuit court the cause shall be tried de novo." The words *de novo* have been defined as meaning "fresh" or "anew." A *de novo* trial in an appellate court, which the circuit court was in this instance, is a trial had as if no action whatever had been instituted in the court below. *De novo* also means a "second time." Words and Phrases, Vol. 12, page 70. In *Schwartfager v. Schwartfager,* 330 Ill. App. 111 at page 113, the court said: "It has been repeatedly held both by the Supreme and Appellate Courts of this State, that in appeals from the probate court to the circuit court, the hearing is a trial *de novo,* and the appeal acts to set aside any order that might have been rendered in the probate court. The circuit court does not sit as a court of errors, but should try the case the same as though it had never been tried before, which on further appeal to the Appellate or Supreme Court, the judgment should be reviewed as that of the circuit court and the view of the probate court is of no importance in passing on that judgment. *Barnes v. Earle,* 275 Ill. 381; *In Re Estate of Murray v. Appeal of Murray,* 310 Ill. App. 121; *In Re Estate of Schwartz,* 286 Ill. App. 310, and *In Re Estate of Noel v. Noel,* 228 Ill. App. 569." The latest authority on this question is that of *In re Estate of Redmer,* 348 Ill. App. 76. In that

case, the court cited with approval the decisions of *Schwartfager v. Schwartfager,* 330 Ill. App. 111; *McMahan v. Trautvetter,* 305 Ill. 395 and *Estate of Johnson v. Kilpatrick,* 250 Ill. App. 416.

 If, however, the plaintiff had no standing in the circuit court, the error of the circuit court in not holding a trial *de novo* is immaterial. Both the probate court and the circuit court held that Harry Burstein, the plaintiff, was neither heir, legatee nor creditor of the estate of Samuel Burstein, deceased, and had no standing in the proceedings for approval of the final report. The defendant has attacked the legality of the adoption proceedings, wherein Samuel Burstein and his wife adopted or attempted to adopt Samuel Davis, then aged 4 years, afterwards known as Harry Burstein. The father of Samuel Davis, H. Davis, consented in writing to the adoption. The mother was insane. Apparently process was never attempted so far as the mother was concerned. It does not appear if the mother ever recovered her sanity, or what happened to her. The defendant who now attacks the legality of the adoption in 1928, while the executor of the estate of Samuel Burstein, furnished to the probate court at that time, proof of heirship of the said Harry Burstein as an adopted son. The first question that arises is that of whether by furnishing and making the proof of heirship of Harry Burstein in 1928, the defendant is estopped in 1951 to question the legality of the adoption. The case of *Keal v. Rhydderck,* 317 Ill. 231, is a very parallel case as to facts with this case. In that case the mother was insane and the address of the father was unknown. Service was attempted to be had on the mother, although she was confined in the hospital at Kankakee and the return as to the father was that he could not be found in the county. Publication service as to the father was had. A guardian *ad litem* was appointed for the insane mother; the guard-

ian *ad litem* filed his answer and the court found that it had jurisdiction of the subject matter and the parties and allowed the adoption. The adopting father was killed in an automobile accident and afterwards, a bill for partition of his real estate was filed alleging that the adoption proceedings were void. The guardian *ad litem* contended that the adoptive mother and the heirs of the adoptive father were estopped from asserting the invalidity of the adoption proceedings. In passing on that question the court in that case held: "The decree of the county court declaring Thomas John Rhydderck to be the adopted child of James W. and Ruth B. Keal, being entered without jurisdiction of the subject matter or of the persons of the defendants to the petition, is *coram non judice* and is subject to attack by any person at any time." . . . "It is clear that there is no estoppel by judgment, and the question remains whether there is an estoppel *in pais*. To be binding, estoppels must be mutual. (*Chicago and Alton Railroad Co. v. Keegan,* 152 Ill. 413; *City of Houston v. Southwestern Bell Telephone Co.,* 259 U. S. 318, 42 Sup. Ct. 486.) An estoppel must bind both parties, and one who is not bound by it cannot take advantage of it. (*First National Bank v. Northwestern National Bank,* 152 Ill. 296; *Mills v. Graves,* 38 id. 455.) This rule has been applied to an adoption proceeding." The principle announced in the *Keal v. Rhydderck* case was again affirmed in *In re Estate of Harris,* 339 Ill. App. 162. Under the authority of these cases, the defendant was not estopped to attack the legality of the adoption and the attack may be collateral. *Keal v. Rhydderck,* 317 Ill. 231; *Ashlock v. Ashlock,* 360 Ill. 115; *In re Cash,* 383 Ill. 409; *Gebhardt v. Warren,* 399 Ill. 196; *In re Estate of Harris,* 339 Ill. App. 162.

██ There seems to be a question as to whether or not the record of the adoption proceeding was before

the circuit court. The plaintiff raises the question that it is not properly in the record and therefore cannot be considered by this court on appeal. However, this court on February 3rd, 1953 allowed the motion of the defendant to file additional record, namely the record of the adoption, so that it is now before this court. That record shows that the father entered his consent in writing to the adoption and that the mother was insane. The fact of the insanity of the mother appears on the petition to adopt by Samuel Burstein and Jennie Burstein and also appears on the order of the County Judge.

The only question that can be considered in a matter of this kind is the jurisdiction of the county court to enter the order. In order to have jurisdiction, the county court must have not only the jurisdiction of the subject matter but the jurisdiction of the parties. Each is a prerequisite to the validity of the decree of adoption. *Gebhardt v. Warren,* 399 Ill. 196; *In re Estate of Harris,* 339 Ill. App. 162; *Jackson v. Russell,* 342 Ill. App. 637; *Keal v. Rhydderck,* 317 Ill. 231. Where the court is exercising a special statutory jurisdiction, jurisdiction is never presumed and if it does not appear from the record, the judgment will be void. *In re Cash,* 383 Ill. 409. The petition of adoption required to put the court in action and to give it jurisdiction must be in conformity with the statute and the requisite facts must appear upon the face of the petition itself. *In re Estate of Harris,* 339 Ill. App. 162 at page 165; *Ashlock v. Ashlock,* 360 Ill. 115 at page 121; *Hook v. Wright,* 329 Ill. 299; *Hopkins v. Gifford,* 309 Ill. 363; *In the matter of Bohn,* 308 Ill. 214; *Keal v. Rhydderck,* 317 Ill. 231. In this case, as in the *Keal v. Rhydderck* case, the mother was insane and that fact appears of record. That fact does conclusively show that the county court could not acquire jurisdiction of

469

the subject matter. Being insane, the mother could not consent to the adoption nor object to it. She could not properly be made a defendant in the case. She could not be held to have committed any act that would have permitted the court to take jurisdiction because of abandonment or some other dereliction. Without the consent of the mother, who could not consent, the county court was powerless to enter a valid decree of adoption. It is true that a case later than the *Keal v. Rhydderck* case held that a substantial compliance with the statutes conferring jurisdiction, would be sufficient, where all material provisions of the statute have been complied with. *McConnell v. McConnell,* 345 Ill. 70. In that case the attack on the jurisdiction was on the ground that the petition did not name the father nor the child as parties defendant. However, the record did show that the father was summoned and appeared in court in person. That same case also reiterates the law as laid down in *Keal v. Rhydderck,* 317 Ill. 231, in that want of substantial compliance with the statute conferring jurisdiction, would invalidate the decree. The failure to have jurisdiction of the subject matter is not a substantial compliance with the statutes conferring jurisdiction. It is not a mere technical objection but is a requirement that must be met before any valid decree can be entered. With the mother insane, the requirement could not be met and the decree of adoption must be held to be void. Consequently, Harry Burstein, or Samuel Davis, was neither heir, legatee nor creditor in the estate of Samuel Burstein, deceased and had no standing in the proceedings for approval of the final report of the executor.

■■■ Because of the finding of this court that the adoption proceedings were void, it would serve no purpose to reverse the judgment and decree of the circuit

court because of the failure of that court to try the cause *de novo,* even though that is manifest error. At most, it would only prolong litigation and in the end, the result as to the plaintiff would be the same, namely, a finding that he has no standing in the proceeding.

For these reasons, the decree and judgment of the circuit court are affirmed.

*Affirmed.*