In re Estate of Isadore Berman Pinsky, Deceased.
Arthur Cohen and Hannah Cohen, Appellants, v.
Joseph Pinsky and Harry Prince, Appellees.

### Gen. No. 46,655.

First District, First Division.
January 9, 1956.
Released for publication February 27, 1956.

Joseph B. Quinn, and John J. Kennelly, both of Chicago, for appellants.

Curtis, Friedman & Marks, of Chicago, for appellees; Louis David Friedman, of Chicago, of counsel.

JUDGE BURKE delivered the opinion of the court.
Hannah Cohen and Arthur Cohen, individually and as trustees for Eileen Cohen and Sidney Cohen, minors, filed written objections to the final account of the executors under the last will of Isadore Berman Pinsky,

deceased, and asked that it be disapproved. Following a hearing the Probate Court approved the account subject to the production of vouchers. On appeal the Circuit Court entered the following order:

"And this cause having come on to be heard upon the call of this matter on the regular trial call, and the Court having examined the pleadings herein and the Final Account and the objections thereto, and having heard the arguments of counsel made in open court, and being fully advised in the premises, It is hereby ordered, adjudged and decreed that this appeal be and the same is hereby denied and that this cause be and the same is hereby dismissed."

The objectors, appealing, ask that we reverse the order of the Circuit Court and remand the cause to that court with directions to hear the case de novo and to enter an order according to the proofs introduced.

■ The objections to the final account had been disposed of in the Probate Court by final and appealable orders from which the objectors did not appeal. See In re Estate of Luer, 348 Ill. App. 324, for a discussion of the finality of judgments in probate. The unappealed final orders of the Probate Court adjudicated the objections interposed by the appellants and they cannot relitigate these matters.

■ In appeals from the Probate Court to the Circuit Court it is the duty of the latter to try the case de novo and to pass upon the merits of the case. The court is without jurisdiction either to affirm or reverse the judgment of the Probate Court. See Burstein v. Millikin Trust Co., 350 Ill. App. 462; In re Estate of Murray v. Appeal of Murray, 310 Ill. App. 121. The order of the Circuit Court which "denied" and "dismissed" the appeal is erroneous. Therefore the order of the Circuit Court is reversed and the cause is remanded with directions to enter an order approving the final account

387

subject to the production of vouchers for the distribution shown therein.

Order reversed and cause remanded with directions.

FRIEND, P. J. and NIEMEYER, J., concur.