STATE OF Oklahoma, ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,

v.

Bill R. PERCEFUL, Respondent.

No. SCBD 3652.

Supreme Court of Oklahoma.

July 17, 1990.

Dan Murdock, General Counsel and Gloria Miller White, Asst. Gen. Counsel, Oklahoma Bar Ass'n, Oklahoma City, for complainant.

Michael W. Speegle, Oklahoma City, for respondent.

OPINION

ALMA WILSON, Justice:

Respondent lawyer was accused by Petitioner Bar Association of professional misconduct sufficient to warrant professional discipline.

Thereafter, respondent stipulated to the following agreed facts and conclusions of law concerning two counts, which stipulations were accepted and approved by each of the three members of the Professional Responsibility Tribunal.

## STIPULATIONS OF FACT AS TO COUNT I

[1] In June, 1988, Respondent was asked by a Ft. Smith, Arkansas, attorney to associate with him on an Oklahoma wrongful death case in which a 17–month old child drowned on a tract of land owned by Mr. and Mrs. James Erp.

[2] The Erp's insurance company was located in Dallas, Texas, and subcontracted the claim to be worked by an independent adjustment company in Little Rock, Arkansas.

[3] On May 23, 1989, Respondent drove to Little Rock and hand-delivered a settlement brochure to the adjuster.

[4] Approximately seven days later, the adjuster returned the brochure to Respondent making no comment regarding Respondent's settlement offer.

[5] On or about June 9, 1989, Respondent wrote a letter to the Erps. In his letter Respondent gave the Erps legal advice, made numerous threatening and/or intimidating remarks, and suggested the Erps make a demand on their insurance company to settle the claim.

## AGREED CONCLUSIONS OF LAW AS TO COUNT I

Respondent's conduct violated the mandatory provisions of Rule 4.3, Oklahoma Rules of Professional Conduct, 5 O.S. Ch. 1, App. 3–A (1988), to wit:

In dealing on behalf of a client with a person who is not represented by counsel, a lawyer shall not state or imply that the lawyer is disinterested. A lawyer shall not give advice to such a person other than the advice to secure counsel, if the interests of such person are, or have a reasonable possibility of being, in conflict with the interests of the client.

and constitutes grounds for professional discipline.

## STIPULATIONS OF FACT AS TO COUNT II

[1] Respondent has served as Pocola City Attorney for approximately the last three (3) years.

[2] The Mayor of Pocola, a community of approximately four thousand (4,000) residents, approached Respondent about serving as Municipal Judge as well as City Attorney.

[3] Respondent agreed and served as Pocola Municipal Judge for a period of two (2) years while he was also acting as Pocola City Attorney.

## AGREED CONCLUSIONS OF LAW AS TO COUNT II

Respondent's conduct violated the mandatory provisions of DR 9–101(A) and (B), Code of Professional Responsibility, to wit:

(A) A lawyer shall not accept private employment in a matter upon the merits of which he has acted in a judicial capacity.

(B) A lawyer shall not accept private employment in a matter in which he had substantial responsibility while he was a public employee.

and Rule 1.12(a), Oklahoma Rules of Professional Conduct, to wit:

(a) Except as stated in paragraph (d), a lawyer shall not represent anyone in connection with a mater [sic] in which the lawyer participated personally and substantially as a judge or other adjudicative officer, arbitrator or law clerk to such a person, unless all parties to the proceeding consent after consultation.

and constitutes grounds for professional discipline.

## AGREED MITIGATION

[1] Respondent was admitted to practice in Oklahoma in 1982, and has not been previously disciplined.

[2] Respondent resigned his position as Pocola Municipal Judge on January 16, 1990.

## AGREED RECOMMENDATION FOR DISCIPLINE

[1] Respondent shall be publicly censured as discipline in the above-referenced matters.

[2] Respondent shall be liable for the costs of this disciplinary proceeding and such costs shall be paid by Respondent as a condition to Respondent's continued practice of law.

■ The Rules governing Disciplinary Proceedings, 5 O.S.1981, Ch. 1, App. 1–A, Rule 6.15(a), state that this Court may approve the Trial Panel's findings of fact or make its own independent findings, impose discipline, dismiss the proceedings or take such other action as it deems appropriate. When this Court functions in its constitutional capacity as the state's exclusive licensing authority for legal practitioners, its decisions are made *de novo*. "All facts responsive to the issues formed before the panel must be independently redetermined." *State ex rel. Oklahoma Bar Ass'n. v. Cantrell*, 734 P.2d 1292 (Okl. 1987). The stipulations of fact in the two counts quoted above consist of conclusions of law and do not state sufficient facts for this Court to adopt the recommendation of the Professional Responsibility Tribunal of public censure.

■ Concerning Count I, the letter which is the basis for the allegation of misconduct is not made a part of the record. The transcript of the hearing does not reveal that the letter was considered by the trial panel, nor does it reveal that the letter was admitted into evidence. Concerning Count II, while the respondent admits that he served as both the city attorney and the municipal judge, his attorney, speaking for him in mitigation of discipline, stated:

... Mr. Perceful is the only attorney in that community. That he had acted in one capacity and was approached by the mayor and the mayor requested that he act in the other capacity.

He did do some research on the fact that there might be a possible conflict between acting as city attorney and municipal judge. As municipal judge, he mainly hears violations of city ordinances. As city attorney, he's mainly involved in advising the city on civil matters. He did contact the General Counsel for the Oklahoma Municipal League and discuss the matter with her.

The fact that an attorney advises the city on civil matters and sits as judge on violations of city ordinances is not presumptively a violation of the Rules of Professional Conduct.[1]

■ This Court has no greater duty than to protect the public from unethical lawyers through our constitutional power to control and regulate the practice of law

1. Rule 1.12(a), titled "Former Judge or Arbitrator", and cited by the dissent provides: "Except as stated in paragraph (d), a lawyer shall not represent anyone in connection with a matter in which the lawyer participated personally and substantially as a judge or other adjudicative officer, arbitrator or law clerk to such a person, unless all parties to the proceeding consent after consultation." There is no evidence that the respondent prosecutes the cases which he also adjudicates. Rule 1.12(a) has no application to the fact situation before us.

Concerning the assertion in the dissent that dual service contravenes federal due process, the cases cited to support this contention are distinguishable. *Tumey v. State of Ohio*, 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749 (1927) and *Ward v. Village of Monroeville, Ohio*, 409 U.S. 57, 93 S.Ct. 80, 34 L.Ed.2d 267 (1972) both involve mayors who also served as judges for their communities. In *Tumey*, the mayor received a substantial income from convicting violators of prohibition laws. Where the accused was found innocent, the mayor received no fee. In *Ward*, the mayor's court generated almost half of the city's income. The *Ward* court stated that the holding in *Tumey* was that the Fourteenth Amendment was violated and a defendant was deprived of due process of law where his liberty or property was subjected to the judgment of a court in which the judge had a direct, personal, substantial, pecuniary interest in reaching a conclusion against him in his case. *Ward*, 409 U.S. at 60, 93 S.Ct. at 83. The court stated that the "mere union of the executive power and the judicial power in [the mayor] can not be said to violate due process of law." *Ward*, 409 U.S. at 60, 93 S.Ct. at 83, quoting *Tumey*, 273 U.S. at 534, 47 S.Ct. at 445. The test found in *Tumey* and reiterated in *Ward* was whether the mayor's situation was one "which would offer a possible temptation to the average man as a judge to forget the burden of proof required to convict the defendant, or which might lead him not to hold the balance nice, clear and true between the State and the accused...." *Ward*, 409 U.S. at 60, 93 S.Ct. at 83, quoting *Tumey*, 273 U.S. at 532, 47 S.Ct. at 444.

The complaint against the respondent contains no evidence concerning any offense to this Nation's fundamental charter.

by licensing lawyers, promulgating rules of professional conduct, and disciplining legal practitioners when the evidence warrants discipline. *See Tweedy v. Oklahoma Bar Ass'n.*, 624 P.2d 1049 (Okl.1981). The primary purpose of disciplinary proceedings is not punishment but purification of the Bar. *State ex rel. Oklahoma Bar Ass'n. v. Samara*, 683 P.2d 979 (Okl.1984). But we likewise have a duty through our power of de novo review to protect the members of the bar from disparate treatment. Although this Court has the power to remand a case to the panel, as we did in *State ex rel. Oklahoma Bar Ass'n v. Lloyd*, 787 P.2d 855, 856 (Okl.1990),[2] the record presented to this Court is insufficient to warrant a sanction. We refuse to speculate whether if the proceeding were remanded, the evidence might be found to warrant discipline. After considering the stipulations of fact, agreed conclusions of law, agreed mitigation, and agreed recommendation for discipline, we conclude that dismissal of the proceeding is appropriate. Rule 6.15(a), supra.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED BY THIS COURT that the recommendation of the Professional Responsibility Tribunal be rejected and that the complaint be DISMISSED.

LAVENDER, DOOLIN, KAUGER and SUMMERS, JJ., concur.

HARGRAVE, C.J., OPALA, V.C.J., and HODGES and SIMMS, JJ., dissent.

**2.** *Lloyd* is distinguishable from the case at bar. The parties in *Lloyd* agreed that stipulations be withdrawn if this Court did not accept the recommended sanction, which necessitated remand. The record in the instant proceeding contains no such agreement.

**1.** *State ex rel. Okl. Bar Ass'n v. Lloyd*, Okl., 787 P.2d 855, 858 [1990] [*Lloyd II* ]; *Oklahoma Bar Ass'n v. Stubblefield*, Okl., 766 P.2d 979, 982 [1988]; *State ex rel. Oklahoma Bar Ass'n v. Cantrell*, Okl., 734 P.2d 1292, 1293 [1987]; *State ex rel., Okl. Bar Ass'n v. Raskin*, Okl., 642 P.2d 262, 265–266 [1982].

**2.** See *Shelton v. Lambert*, Okl., 399 P.2d 467, 470 (1965). See also *Globe–Union, Inc. v. Chicago Telephone Supply Co.*, 103 F.2d 722, 728 (7th Cir.1939); *Burstein v. Millikin Trust Co.*, 350 Ill.App. 462, 113 N.E.2d 339, 341 (1953).

OPALA, Vice Chief Justice, with whom SIMMS, J., joins, dissenting.

Today the court *dismisses* the entire complaint against the respondent-lawyer because the facts stipulated for the record are insufficient for imposition of any discipline. The charges were pressed for (a) writing a threatening letter to an unrepresented individual against whom respondent was prosecuting a damage claim (Count I) and (b) serving the same municipality as both municipal judge and city attorney (Count II). In my view, the proceeding should be remanded for a full-scale inquiry by the Professional Responsibility Panel into the misconduct alleged in the complaint.

This court's review of disciplinary proceedings is conducted by *de novo consideration* of the prosecution that is brought before us.[1] Our task is to be distinguished from two other concepts with which it is easily confused: *de novo* appellate review on the record and trial *de novo*. The latter denotes a retrial of an entire case before a different tribunal, with *all* litigable issues standing as though they had never been resolved.[2] The former—a *de novo* appellate review on the record—means that consideration of errors, though conducted upon and confined to a record made at nisi prius, is effected *without any deference to findings entered by the first-instance tribunal.*[3]

This court's power to discipline a lawyer is *nondelegable; no other tribunal may*

**3.** *Brown v. Burkett*, Okl., 755 P.2d 650, 651 (1988); *Globe–Union, Inc. v. Chicago Telephone Supply Co., supra* note 2 at 728; *Niehaus v. Madden*, 348 Mo. 770, 155 S.W.2d 141, 145 (1941); see also Art. 9 § 20, Okl. Const., *infra; Atchison, Topeka & Santa Fe Ry. Co. v. State*, Okl., 692 P.2d 554, 555–556 (1984).

The pertinent terms of Art. 9 § 20, Okl.Const., provide:

" * * *

"The Supreme Court's review of appealable orders of the Corporation Commission shall be judicial only, and *in all appeals involving in [sic] asserted violation of any right of the parties under the Constitution of the United States or the Constitution of the State of Oklahoma, the Court shall exercise its own independent judgment as to both the law and the facts.* * * * " (Emphasis added.)

take cognizance of disputes that fall under this rubric.[4] Unlike in those cases where we exercise reviewing jurisdiction, in bar disciplinary proceedings our cognizance is both *original and exclusive*.[5] The proof to be reviewed is never to be deemed *settled beyond our ability to expand it.* The record always remains within this court's plenary power to order its supplementation. Insufficiency of proof can never rise to an insuperable postural obstacle where, as here, it is clear that additional evidence needed for review may be available.

As a constitutional tribunal of both first and last instance, in disciplinary prosecutions of lawyers this court claims for itself the very same quantum of control over the contents of the record to be examined as it does over the breadth of inquiry necessary for a panel's minimal exploration of the issues tendered by the complaint. *Every aspect of the Bar's adjudicative process, from its beginning to the end, is an exercise of this court's original and exclusive constitutional cognizance over lawyers.* As this power cannot be shared with any other institution,[6] *the entire process must be supervised by our de novo consideration.* It is the attribute of nondelegable jurisdiction that serves to distinguish the conduct of our bar disciplinary function from trial *de novo*—a retrial in a *different* court—or even from *de novo* appellate review on the record, which stands for an independent, non-deferential examination of *another* tribunal's record.[7]

My assessment of the record reveals that some critical evidence was not included with the stipulated facts. Among other deficiencies, the offending letter—which serves as the very foundation for Count I—is not in the record. This case hence stands in the same procedural posture as did *Lloyd* [8] when it made its initial appearance in this court. *Lloyd* was remanded for a hearing and so should this case.[9]

As for Count II, there is enough factual material in this record to warrant imposition of a much more severe disciplinary sanction than public reprimand. While serving as a city attorney, respondent admittedly also acted as a municipal judge. His conduct violates Rule 1.12(a), Okla-

In a *de novo* appellate review the court exercises its judgment *independently and without deference* to the findings or rulings below. See, e.g., *Johnson v. Rodgers*, 756 F.2d 79, 81 (10th Cir. 1985), which holds that when the district court, based on the record before it, rejects a magistrate's recommendations and draws its own findings with conclusions, it *need not* return the case to the magistrate either for additional findings or a new hearing.

4. *In re Integration of State Bar of Oklahoma*, 185 Okl. 505, 95 P.2d 113 (1939) (the court's syllabus); *State ex rel. Okl. Bar Ass'n v. Raskin*, *supra* note 1 at 265–266.

5. *Tweedy v. Oklahoma Bar Ass'n*, Okl., 624 P.2d 1049, 1052 (1981).

6. *Delegata potestas non potest delegari*—delegated power may not be redelegated. *American Home Products Corporation v. Homsey*, Okl., 361 P.2d 297, 301–302 (1961).

7. *Bose Corp. v. Consumers Union of U.S., Inc.*, 466 U.S. 485, 498–511, 104 S.Ct. 1949, 1958–1965, 80 L.Ed.2d 502 [1984]; *Peel v. Attorney Reg. & Disciplinary Com'n.* —— U.S. ——, 110 S.Ct. 2281, 2291–2292, 110 L.Ed.2d 83 [1990].

8. *State of Oklahoma ex rel. Oklahoma Bar Association v. James R. Lloyd*, SCBD No. 3455, received November 17, 1987 [*Lloyd I*].

9. In *Lloyd I, supra* note 8, this court's June 21, 1988 order provides:

"ORDER DECLINING TO APPROVE PROPOSED STIPULATIONS AND AGREED RECOMMENDATION FOR DISCIPLINE

On consideration of the stipulations submitted on May 11, 1988, the court declines to impose the recommended sanction and notes that, by the terms of the parties' agreement, the stipulated disposition of the complaint is to be treated as withdrawn if it is rejected by this court.

IT IS THEREFORE ORDERED THAT THE COMPLAINT IN THIS CAUSE STAND REMANDED TO THE PANEL OF THE PROFESSIONAL RESPONSIBILITY TRIBUNAL WHENCE IT CAME FOR FURTHER ADVERSARY HEARINGS AND DISPOSITION BY A REPORT OF THE PANEL WITH ITS RECOMMENDED DISCIPLINE.

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 20TH DAY OF JUNE, 1988.

/s/ Acting Chief Justice
Robert E. Lavender
LAVENDER, SIMMS, OPALA, WILSON and SUMMERS, JJ., concur; DOOLIN, C.J., and HARGRAVE, V.C.J., and KAUGER, J., dissent."

homa Rules of Professional Conduct.[10] More importantly, the dual service contravenes federal due process as it is presumptively destructive of a judge's neutrality and detachment—a condition that is constitutionally mandated for *all* adjudicative functionaries, administrative and judicial.[11] This count of charged misconduct *seriously offends the Nation's fundamental charter a lawyer is sworn to uphold and obey.*[12]

As it was done in *Lloyd I,* I would today remand this cause for a full-scale inquiry into *both* counts charged in the complaint and for reconsideration of discipline to be visited upon the respondent.

---

10. 5 O.S.Supp.1988, Ch. 1, App. 3–A.

11. *Gibson v. Berryhill,* 411 U.S. 564, 579, 93 S.Ct. 1689, 1698, 36 L.Ed.2d 488 [1973].

12. *Tumey v. State of Ohio,* 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749 [1927]; *Ward v. Village of Monroeville, Ohio,* 409 U.S. 57, 59–60, 93 S.Ct. 80, 82–83, 34 L.Ed.2d 267 [1972].