2002 OK 23

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Mark A. COX, Respondent.**

**SCBD No. 4623.**

Supreme Court of Oklahoma.

April 2, 2002.

Rehearing Denied May 28, 2002.

Allen J. Welch, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, OK, for Complainant.

Murray E. Abowitz, Oklahoma City, OK, for Respondent.

OPALA, J.

¶ 1 In this disciplinary proceeding against a lawyer, the issues to be decided are: (1) Does the record submitted for our examination provide sufficient evidence for a meaningful *de novo* consideration of the complaint and of its disposition? [1] and (2) Is a license suspension for sixty (60) days an appropriate disciplinary sanction for respondent's breach of professional ethics? We answer both questions in the affirmative.

I

**INTRODUCTION TO THE RECORD**

¶ 2 On 23 May 2001 the Oklahoma Bar Association (the Bar) commenced this disciplinary proceeding against Mark A. Cox (respondent), a licensed lawyer, by filing a formal complaint in accordance with the provisions of Rule 6 of the Rules Governing Disciplinary Proceedings ("RGDP").[2] The complaint alleges in two counts multiple violations of the Oklahoma Rules of Profes-

---

1. The record consists of the parties' stipulations, exhibits attached to those stipulations and offered by both parties, a transcript of the hearing held before the trial panel of the Professional Responsibility Tribunal and the trial panel's report.

2. The provisions of RGDP Rule 6.1, 5 O.S.1991, Ch. 1, App. 1–A, state in pertinent part: "The proceeding shall be initiated by a formal complaint prepared by the General Counsel, approved by the Commission, signed by the chairman or vice-chairman of the Commission, and filed with the Chief Justice of the Supreme Court."

sional Conduct ("ORPC"). The Bar has since withdrawn its reliance on ORPC Rules 3.3(a)(1), 3.4(a), 4.4, 8.4(c) and 8.4(d); it now rests the two counts solely on ORPC Rules 3.3(a)(4)(B) and 3.4(f).

¶ 3 On 23 August 2001 a trial panel of the Professional Responsibility Tribunal (PRT) held a hearing to consider the charges. At its commencement the trial panel recognized for the record the admission of a document containing the parties' stipulations of fact, conclusions of law, and an agreed disciplinary recommendation. Respondent admitted (by stipulation) that his conduct violates ORPC Rules 3.3(a)(4)(B)[3] and 3.4(f).[4] As for mitigation, the parties agreed that respondent had never before been disciplined (by the Professional Responsibility Commission or by this court) or been the subject of a formal investigation by the Bar's counsel. The parties also agreed that respondent had fully cooperated with the counsel during the investigation and in the PRT proceeding. They recommended that respondent receive a private reprimand.

¶ 4 Upon completion of the hearing and consideration of the stipulations and testimony on file, the trial panel issued its report (which incorporates the parties' stipulations). The panel recommended that respondent receive a private reprimand.

## II

## THE RECORD BEFORE THE COURT PROVIDES SUFFICIENT EVIDENCE FOR A MEANINGFUL *DE NOVO* CONSIDERATION OF ALL FACTS RELEVANT TO THIS PROCEEDING

¶ 5 In a bar disciplinary proceeding the court functions as an adjudicative licensing authority that exercises exclusive original cognizance.[5] Its jurisdiction rests on the court's constitutionally vested, nondelegable power to regulate the practice of law, including the licensure, ethics, and discipline of this State's legal practitioners.[6] In deciding whether discipline is warranted and what sanction, if any, is to be imposed for the misconduct charged, the court conducts a full-scale, nondeferential, *de novo* examination of all relevant facts,[7] in which the findings, conclusions and recommendations of the trial panel are neither binding nor persuasive.[8] In this undertaking we are not re-

3. The provisions of ORPC Rule 3.3(a)(4)(B), 5 O.S.1991, Ch. 1, App. 3-A, state: "when a person other than a client has offered false evidence, the lawyer shall promptly reveal its false character to the tribunal."

4. The provisions of ORPC Rule 3.4(f), 5 O.S. 1991, Ch. 1, App. 3-A, state:

 A lawyer shall not ... (f) request a person other than a client to refrain from voluntarily giving relevant information to another party unless: (1) the person is a relative or an employee or other agent of a client; and (2) the lawyer reasonably believes that the person's interest will not be adversely affected by refraining from giving such information.

5. *State ex rel. Okla. Bar Ass'n v. Leigh*, 1996 OK 37, ¶ 11, 914 P.2d 661, 666; *State ex rel. Okla. Bar Ass'n v. Eakin*, 1995 OK 106, ¶ 8, 914 P.2d 644, 647; *State ex rel. Okla. Bar Ass'n v. Bolton*, 1994 OK 53, ¶ 15, 880 P.2d 339, 344; *State ex rel. Okla. Bar Ass'n v. Donnelly*, 1992 OK 164, ¶ 11, 848 P.2d 543, 545; *State ex rel. Okla. Bar Ass'n v. Raskin*, 1982 OK 39, ¶ 11, 642 P.2d 262, 265; *In re Integration of State Bar of Oklahoma*, 1939 OK 378, 95 P.2d 113, 115.

6. *Eakin, supra* note 5 at ¶ 8, at 648; *State ex rel. Okla. Bar Ass'n v. Downing*, 1990 OK 102, ¶ 12,

804 P.2d 1120, 1122–23; *Raskin, supra* note 5 at ¶ 11, at 265–66.

7. *Leigh, supra* note 5; *Eakin, supra* note 5 at ¶ 8, at 647–48; *State ex rel. Okla. Bar Ass'n v. Lloyd*, 1990 OK 14, ¶ 8, 787 P.2d 855, 858; *State ex rel. Okla. Bar Ass'n v. Stubblefield*, 1988 OK 141, ¶ 7, 766 P.2d 979, 982; *State ex rel. Okla. Bar Ass'n v. Cantrell*, 1987 OK 17, ¶ 1, 734 P.2d 1292, 1293; *State ex rel. Okla. Bar Ass'n v. Brandon*, 1969 OK 28, ¶ 5, 450 P.2d 824, 827. Because this court's cognizance of disciplinary proceedings cannot be shared with any other institution, every aspect of the Bar's adjudicative process must be revisited by our *de novo* consideration. The attribute of nondelegable jurisdiction serves to distinguish the conduct of bar disciplinary functions from trial *de novo*—a retrial in a different court—or even from *de novo* appellate review on the record, which stands for an independent, non-deferential examination *of another tribunal's record*.

8. *Eakin, supra* note 5 at ¶ 8, at 648; *Raskin, supra* note 5 at ¶ 11, at 265. The court's range of options in a disciplinary proceeding is set forth in RGDP Rule 6.15(a), 5 O.S.1991, Ch. 1, App 1-A, which states: "The Supreme Court may approve the Trial Panel's findings of fact or make its own independent findings, impose discipline,

stricted by the scope-of-review rules that govern corrective relief on appeal or in certiorari proceedings in which another tribunal's findings of fact may have to be left undisturbed by adherence to some law-imposed standards of deference.[9]

¶ 6 The court's duty can be discharged only if the trial panel submits a complete record of the proceedings.[10] Our initial task is to ascertain whether the tendered record is sufficient to permit (a) an independent on-the-record determination of the facts and (b) the crafting of an appropriate discipline. The latter is that which (1) is consistent with the discipline imposed upon other lawyers who have committed similar acts of professional misconduct and (2) avoids the vice of visiting disparate treatment of the offending lawyer.[11]

¶ 7 Having carefully scrutinized the record submitted, we conclude that it is adequate for *de novo* consideration of respondent's alleged professional misconduct and of the discipline to be imposed.

## III

### FACTS ADMITTED BY STIPULATION

¶ 8 The parties have tendered their stipulations in which respondent admits the facts which serve as the basis of the charges against him. A stipulation of fact is an agreement by the parties that a particular fact (or facts) in controversy stands established. It serves as an evidentiary substitute that dispenses with the need for legal proof of facts that are conceded by the parties'

agreement. Stipulations are subject to the approval of the court in which they are entered.[12] We find from the record that respondent's stipulations of facts (a) have been made voluntarily and with knowledge of their meaning and legal effect and (b) are not inconsistent with any facts otherwise established by the record. *We hence approve and adopt the parties' tendered stipulations.*

### A.

### Count One—Failure to Promptly Reveal Information to Opposing Counsel Upon Request

¶ 9 Respondent admits what is alleged in Count One of the complaint: that he failed promptly to reveal to opposing counsel at the deposition of a witness the existence of an expert witness' notes (which were in respondent's possession). We reject the parties' stipulation that this conduct violates ORPC Rule 3.3(a)(4)(B).[13] While it is true that respondent did not *immediately reveal* the availability of his witness' notes, ORPC Rule 3.3(a)(4)(B) does not demand an instant response. Rather, the cited rule requires only that a lawyer *promptly reveal* the false character of evidence. As recognized by both parties in their stipulations, respondent provided opposing counsel with the requested documents *before the deposition hearing came to its end.* No evidence of prejudice occasioned by the slight delay is present in this record; rather, respondent fully repaired whatever harm might otherwise have occurred by surrendering the notes *before* anyone's legal position underwent a change

---

dismiss the proceedings or take such other action as it deems appropriate."

9. *Eakin, supra* note 5 at ¶ 8, at 648; *State ex rel. Okla. Bar Ass'n v. Farrant*, 1994 OK 13, ¶ 7, 867 P.2d 1279, 1284; *Bolton, supra* note 5 at ¶ 15, at 344; *Levi v. Mississippi State Bar*, 436 So.2d 781, 782 (Miss.1983).

10. The provisions of RGDP Rule 6.13, 5 O.S. 1991, Ch. 1, App. 1–A, state in pertinent part:

Within thirty (30) days after the conclusion of the hearing, the Trial Panel shall file with the Clerk of the Supreme Court a written report which shall contain the Trial Panel's findings of fact on all pertinent issues and conclusions of law (including a recommendation as to dis-

cipline, if such is found to be indicated, and a recommendation as to whether the costs of the investigation, record and proceedings should be imposed on the respondent), and shall be accompanied by all pleadings, a transcript of the proceeding, and all exhibits offered thereat.

11. *Eakin, supra* note 5 at ¶ 9, at 648; *Bolton, supra* note 5 at ¶ 16, at 345; *State ex rel. Okla. Bar Ass'n v. Perceful*, 1990 OK 72, ¶ 5, 796 P.2d 627, 630.

12. *State ex rel. Okla. Bar Ass'n v. Livshee*, 1994 OK 12, ¶ 7, 870 P.2d 770, 774.

13. For the provisions of this rule, *see supra* note 3.

*and before* any prejudice to opposing counsel could have resulted. Neither the stipulations nor anything else on file provides clear and convincing proof that respondent offended ORPC Rule 3.3(a)(4)(B). He must and hence does stand exonerated of that charge.

## B.

### Count Two—Influencing Dr. Sternlof to Refrain From Testifying as an Expert Witness

¶ 10 Respondent admits what is alleged in Count Two of the complaint: that he asked Dr. Sternlof, a close, personal friend, to refrain from testifying as an expert witness for opposing counsel. Respondent stipulates he told Dr. Sternlof that if the latter did not abstain from testifying, he would present evidence affecting Dr. Sternlof's credibility as a witness and would "dig up dirt" about him.[14] Respondent also acknowledges that he served Dr. Sternlof with a subpoena duces tecum by which he demanded "copies of all things related in any way" to the doctor's alleged previous involvement in a 1980 illegal wiretapping (about which the physician had previously told respondent).[15] Five days after being served with the subpoena, Dr. Sternlof wrote a letter to respondent's opposing counsel requesting that his name be withdrawn as a witness in the case. We accept all of respondent's stipulations—and find by clear and convincing evidence—that this conduct offends ORPC Rule 3.4(f).[16]

## IV

### FACTORS TO BE CONSIDERED IN MITIGATION OF THE DISCIPLINE TO BE IMPOSED

¶ 11 Mitigating circumstances may be considered in assessing the appropriate

quantum of discipline.[17] We recognize that respondent has no record of prior bar disciplinary offences and that he has cooperated with the Bar's counsel during his investigation and in this proceeding.

## V

### RESPONDENT'S MISCONDUCT WARRANTS A SUSPENSION OF HIS LICENSE TO PRACTICE LAW FOR SIXTY (60) DAYS AND THE PAYMENT OF THE COSTS OF THIS PROCEEDING

¶ 12 A license to practice law is not conferred for the benefit of the licensee, but for that of the public. The disciplinary process, including the imposition of a sanction, is designed not to punish the delinquent lawyer, but to safeguard the interest of the *public,* the *judiciary,* and the *legal profession.*[18] Disciplinary sanctions serve not only to deter the offending lawyer from committing similar acts in the future, but also operate to put others on notice that departures from ethical norms will not be tolerated.[19] The disciplinary measure to be imposed upon an offending lawyer should be consistent with the quantum of discipline visited upon other lawyers for similar acts of professional misconduct.[20]

¶ 13 The parties stipulated and the trial panel recommended that respondent receive a private reprimand. For the reasons to be stated below, we reject the recommendation and instead impose (1) respondent's license suspension for a period of sixty (60) days, which is to begin when this opinion becomes final, and (2) an obligation to pay

14. Stipulations, ¶ 24.

15. *Id.* at ¶ 26.

16. For the provisions of this rule, *see supra* note 4.

17. *State ex rel. Okla. Bar Ass'n v. Taylor,* 2000 OK 35, ¶ 33, 4 P.3d 1242, 1255; *State ex rel. Okla. Bar Ass'n v. Carpenter,* 1993 OK 86, ¶ 16, 863 P.2d 1123, 1130.

18. *State ex rel. Okla. Bar Ass'n v. Lowe,* 1982 OK 20, ¶ 19, 640 P.2d 1361, 1363; *State ex rel. Okla.*

*Bar Ass'n v. Smith,* 1980 OK 126, ¶ 21, 615 P.2d 1014, 1018.

19. *State ex rel. Okla. Bar Ass'n v. Cummings,* 1993 OK 127, ¶ 29, 863 P.2d 1164, 1174; *State ex rel. Okla. Bar Ass'n v. Hall,* 1977 OK 117, ¶ 12, 567 P.2d 975, 978.

20. *Eakin, supra* note 5 at ¶ 9, at 648; *Bolton, supra* note 5 at ¶ 16, at 345; *Perceful, supra* note 11 at ¶ 5, at 630.

the costs of the investigation, record and proceeding.

¶ 14 Today's assessment of a more severe discipline than that which was recommended is warranted by the serious nature of the offense. Respondent, who attempted to dissuade his friend, Dr. Sternlof, from giving expert testimony, is guilty of breaching a vital canon of professional acquittal, ORPC Rule 3.4(f). A lawyer must comply with the standards of ethical conduct;[21] the duty to advocate a client's cause is to be discharged within the limits of legitimate, lawful conduct and those practices that are compatible with the nature of a trial as the law's tool in search for truth.[22] Respondent's admitted ethical breach constitutes *a grievous assault upon the truth-seeking function of the judicial process and is harmful enough to militate in favor of a license suspension for sixty (60) days.*[23]

## VI

## SUMMARY

¶ 15 The record in this case provides clear and convincing proof of respondent's offense against the rules governing professional ethics. He attempted on numerous occasions to tamper with opposing counsel's witness and to prevent that professional from giving expert testimony. Accordingly,

¶ 16 **RESPONDENT'S LICENSE TO PRACTICE LAW STANDS SUSPENDED FOR SIXTY (60) DAYS, WHICH IS TO BEGIN WHEN THIS OPINION BE-**

**COMES FINAL, AND HE IS DIRECTED TO PAY THE COSTS OF THE INVESTIGATION, RECORD AND PROCEEDING IN THE AMOUNT OF $400.28, WHICH SHALL BE DUE NOT LATER THAN NINETY (90) DAYS AFTER THIS OPINION BECOMES FINAL.**

¶ 17 ALL JUSTICES CONCUR.

---

**21.** *Nix v. Whiteside,* 475 U.S. 157, 168, 106 S.Ct. 988, 995, 89 L.Ed.2d 123 (1986).

**22.** *Nix, supra* note 21, 475 U.S. at 166, 106 S.Ct. at 994.

**23.** *See State ex rel. Okla. Bar Ass'n v. Andre,* 1998 OK 29, ¶¶ 9, 17, 957 P.2d 545, 548–49 (lawyer's license to practice law was suspended for sixty days because the lawyer harassed a witness who gave adverse testimony); *In re Reinstatement of Katz,* 1992 OK 161, ¶¶ 13, 24, 847 P.2d 1385, 1387–88 (lawyer who sent intimidating letters to several witnesses to discourage them from testifying against him was denied reinstatement of his license to practice law); *Florida Bar v. Carswell,* 624 So.2d 259, 261 (Fla.1993) (lawyer's license to practice law was suspended for 180 days after the lawyer pled *nolo contendere* to a

criminal charge of tampering with a witness); *State ex rel. Counsel for Discipline of Nebraska Supreme Court v. Furlong,* 262 Neb. 973, 637 N.W.2d 361, 361 (2002) (lawyer who attempted to dissuade a witness from pursuing a complaint against him was disbarred); *North Carolina State Bar v. Graves,* 50 N.C.App. 450, 274 S.E.2d 396, 400 (1981) (lawyer received public censure for attempting to influence a potential adverse witness not to testify against his client); *In re Disciplinary Action Against Dvorak,* 611 N.W.2d 147, 150, 153 (N.D.2000) (lawyer's license was suspended for one year because the lawyer sent harassing letters to induce a witness by intimidation into changing her statements); Oregon State Bar, Formal Ethics Opinion 1992–132 (1992) (it is unethical for a lawyer to attempt dissuading from testifying any witness, expert or lay, who stands retained by the opposing side).