2003 OK 95

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**William Nelson GENTRY, Respondent.**

**No. SCBD 4773.**

Supreme Court of Oklahoma.

Nov. 4, 2003.

136

Dan Murdock, General Counsel, Oklahoma Bar Association, Oklahoma City, Oklahoma, for Complainant.

William Nelson Gentry, pro se, Montclair, California, for Respondent.

OPALA, V.C.J.

¶ 1 In this disciplinary proceeding against a lawyer, the issues to be decided are: (1) Does the record [1] submitted for our examination provide sufficient evidence for a meaningful *de novo* consideration of the complaint and of its disposition? and (2) Is a public censure, the required attendance of Oklahoma-approved mandatory continuing legal education (MCLE) programs, the filing of an annual MCLE report and the payment of costs associated with this proceeding an appropriate disciplinary sanction for respon-

---

1. The record consists of the PRT hearing, the PRT report, the parties' stipulations of fact and conclusions of law, the mitigating factors to be considered in conjunction with the charges, the exhibits offered by the parties and a joint brief of the parties in support of the PRT report and recommendation.

dent's breach of professional discipline? We answer both questions in the affirmative.

## I.

### INTRODUCTION TO THE RECORD

¶ 2   The Oklahoma Bar Association (OBA) charged William Nelson Gentry (Gentry or respondent), a licensed Oklahoma lawyer,[2] with one count of professional misconduct by filing a formal complaint in accordance with the provisions of Rule 6, Rules Governing Disciplinary Proceedings (RGDP).[3]   The complaint alleges in one count Gentry's violation of the RGDP and the Oklahoma Rules of Professional Conduct (ORPC)[4].   The Bar rests its count on RGDP Rules 1.3[5] and 7.7[6] and ORPC Rule 8.4(c);[7] it withdraws its earlier reliance on ORPC Rule 8.4(b).[8]

¶ 3   The Professional Responsibility Tribunal (PRT) held a hearing[9] on 13 May 2003 to consider the charges.   The trial panel recognized for the record the admission of the parties' fact stipulations, conclusions of law and agreed disciplinary recommendation. Respondent admits (by stipulation) that his

2.   *Respondent has been a resident of the state of California since 1970.   He has received an exemption from the Oklahoma MCLE requirements since 1989 based on his residential status.*

3.   The provisions of RGDP Rule 6.1, 5 O.S.2001, Ch. 1, App. 1–A, state in pertinent part:
"The proceeding shall be initiated by a formal complaint prepared by the General Counsel, approved by the Commission, signed by the chairman or vice-chairman of the Commission, and filed with the Chief Justice of the Supreme Court. * * * "

4.   5 O.S.2001 Ch. 1, App. 3–A.

5.   The terms of Rule 1.3, RGDP, 5 O.S.1991 Ch. 1, App. 1–A, provide:
"The commission by any lawyer of any act contrary to prescribed standards of conduct, whether in the course of his professional capacity, or otherwise, which act would reasonably be found to bring discredit upon the legal profession, shall be grounds for disciplinary action, whether or not the act is a felony or misdemeanor, or a crime at all.   Conviction in a criminal proceeding is not a condition precedent to the imposition of discipline."

6.   The complaint alleged the respondent violated Rule 7.7, ORPC. Reference to the rule was amended at the time of trial to reflect that the

conduct violates RGDP Rules 1.3 and 7.7 and ORPC Rule 8.3(c).

¶ 4   Upon completion of the hearing and consideration of the stipulations and testimony on file, the trial panel issued its report (which incorporates the parties' stipulations). It recommends that the respondent (1) receive a public reprimand (2) annually attend twelve (12) hours of Oklahoma-approved MCLE courses (including one hour of ethics) (3) file an annual MCLE report for as long as he maintains an Oklahoma license to practice law or until he reaches the age of sixty-five (65) and (4) pay the costs of this proceeding.

## II.

### THE RECORD BEFORE THE COURT PROVIDES SUFFICIENT EVIDENCE FOR A MEANINGFUL *DE NOVO* CONSIDERATION OF ALL FACTS RELEVANT TO THIS PROCEEDING.

¶ 5   In a bar disciplinary proceeding this court functions in an adjudicative capacity as a licensing organ of the State having exclusive original jurisdiction.[10]   Its

allegation was in reference to Rule 7.7, RGDP. The pertinent provisions of Rule 7.7, RGDP, provide:
"(a) It is the duty of a lawyer licensed in Oklahoma to notify the General Counsel whenever discipline for lawyer misconduct has been imposed upon him/her in another jurisdiction, within twenty (20) days of the final order of discipline, and failure to report shall itself be grounds for discipline.   * * * "

7.   The terms of ORPC 8.4(c) state:
"It is professional misconduct for a lawyer to:
* * * (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;   * * * "

8.   Gentry has not been convicted of a criminal act.   The Bar has hence withdrawn its charge that Gentry violated ORPC Rule 8.4(b) which states:
"It is professional misconduct for a lawyer to:
* * *(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;   * * * "

9.   The respondent represented himself via telephone from his office in Montclair, California.

10.   *State ex rel. Oklahoma Bar Ass'n v. Schraeder,* 2002 OK 51, ¶ 5, 51 P.3d 570, 572; *State ex. rel.*

authority rests on the constitutionally vested, nondelegable power to regulate the practice of law (which includes the ethics, licensure, and discipline of the State's legal practitioners).[11] In deciding whether discipline is warranted and what sanction, if any, is to be imposed for the misconduct charged, this court conducts a nondeferential, full-scale *de novo* examination of all relevant facts,[12] in which the findings, conclusions and recommendations of the trial panel are neither binding nor persuasive.[13] We are not restricted by the scope-of-review rules that govern corrective relief on appeal or in certiorari proceedings in which another tribunal's findings of fact may have to be left undisturbed by adherence to some law-imposed standards of deference.[14]

■ ¶ 6 This court's duty can be discharged only if the trial panel submits a complete record of the proceedings.[15] Our initial task is to ascertain whether the materials are sufficient to permit (a) an independent determination of the critical facts and

(b) the crafting of an appropriate measure of discipline.[16] The latter is that which (1) is consistent with the discipline imposed upon other lawyers who have committed similar acts of professional misconduct and (2) avoids the vice of visiting disparate treatment on the respondent lawyer.

¶ 7 Gentry admits, and the proof supports, the charge of professional misconduct. Upon consideration of the record, we conclude that its contents are adequate for this court's *de novo* consideration of respondent's professional misconduct.

## III.

### FACTS ADMITTED BY STIPULATION

■ ¶ 8 The parties have tendered their stipulations by which respondent admits the facts which serve as the basis of the charges against him. A stipulation of fact is an agreement by the parties that a particular fact (or facts) in controversy stands admitted.

---

*Oklahoma Bar Ass'n v. Cox,* 2002 OK 23, ¶ 5, 48 P.3d 780, 782; *State ex rel. Okla. Bar Ass'n v. Leigh,* 1996 OK 37, ¶ 11, 914 P.2d 661, 666; *State ex rel. Okla. Bar Ass'n v. Eakin,* 1995 OK 106, ¶ 8, 914 P.2d 644, 647; *State ex rel. Okla. Bar Ass'n v. Bolton,* 1994 OK 53, ¶ 15, 880 P.2d 339, 344; *State ex rel. Okla. Bar Ass'n v. Donnelly,* 1992 OK 164, ¶ 11, 848 P.2d 543, 545; *State ex rel. Okla. Bar Ass'n v. Raskin,* 1982 OK 39, ¶ 11, 642 P.2d 262, 265; *In re Integration of State Bar of Oklahoma,* 1939 OK 378, 95 P.2d 113, 115.

11. *Schraeder, supra* note 10, at ¶ 5 at 573; *Cox, supra* note 10, at ¶ 5 at 782; *Eakin, supra* note 10, at 648; *State ex rel. Okla. Bar Ass'n v. Downing,* 1990 OK 102, ¶ 12, 804 P.2d 1120, 1122–23; *Raskin, supra* note 10, at ¶ 11 at 265–66.

12. *Schraeder, supra* note 10, at ¶ 5 at 573; *Cox, supra* note 10, at ¶ 5 at 782; *Leigh, supra* note 10, at 666; *Eakin, supra* note 10, at ¶ 8, at 647–48; *State ex rel. Okla. Bar Ass'n v. Lloyd,* 1990 OK 14, 787 P.2d 855, 858; *State ex rel. Okla. Bar Ass'n v. Stubblefield,* 1988 OK 141, ¶ 7, 766 P.2d 979, 982; *State ex rel. Okla. Bar Ass'n v. Cantrell,* 1987 OK 17, ¶ 1, 734 P.2d 1292, 1293; *State ex rel. Okla. Bar Ass'n v. Brandon,* 1969 OK 28, ¶ 5, 450 P.2d 824, 827.

13. *Schraeder, supra* note 10, at ¶ 5 at 573; *Cox, supra* note 10, at ¶ 5 at 782; *Eakin, supra* note 10, at 648; *Raskin, supra* note 10 at ¶ 11, at 265. The court's range of options in a disciplinary proceeding is set forth in RGDP Rule 6.15(a). Its terms provide:

"(a) The Supreme Court may approve the Trial Panel's findings of fact or make its own independent findings, impose discipline, dismiss the proceedings or take such other action as it deems appropriate."

14. *Schraeder, supra* note 10, at ¶ 5 at 573; *Cox, supra* note 10, at ¶ 5 at 782; *Eakin, supra* note 10 at ¶ 9 at 648; *Bolton, supra* note 10, at ¶ 16 at 345; *State ex rel. Okla. Bar Ass'n v. Perceful,* 1990 OK 72, ¶ 5, 796 P.2d 627, 630.

15. *Schraeder, supra* note 10, at ¶ 5 at 573; *Cox, supra* note 10, at ¶ 5 at 782; *Eakin, supra* note 10, at ¶ 9 at 648.

The terms of RGDP Rule 6.13 provide in part: "Within thirty (30) days after the conclusion of the hearing, the Trial Panel shall file with the Clerk of the Supreme Court a written report which shall contain the Trial Panel's findings of fact on all pertinent issues and conclusions of law (including a recommendation as to discipline, if such is found to be indicated, and a recommendation as to whether the costs of the investigation, record and proceedings should be imposed on the respondent), and shall be accompanied by all pleadings, a transcript of the proceeding, and all exhibits offered."

16. *Schraeder, supra* note 10, at ¶ 6 at 573; *Cox, supra* note 10, at ¶ 6 at 783; *Eakin, supra* note 10, at ¶ 9 at 648; *Bolton, supra* note 10, at ¶ 16 at 345; *Perceful, supra* note 14, at ¶ 5 at 630.

It serves as an evidentiary substitute that dispenses with the need for proof of facts that are conceded by the parties' agreement. Stipulations are subject to the approval of the court in which they are entered.[17] Respondent's fact stipulations (a) have been made voluntarily and with knowledge of their meaning and legal effect and (b) are not inconsistent with any facts otherwise established by the record. We hence approve and adopt the parties' tendered stipulations.

¶9 The charge against respondent arises from notification by a foreign jurisdiction that respondent is being investigated for the unauthorized practice of law following surrender of his legal license at the post-disciplinary stage of the proceeding. Gentry received his legal education in Oklahoma and passed the state's bar examination in 1969. Shortly thereafter he moved to California, passed that state's licensure requirements and has resided there ever since. He primarily practiced law in a variety of capacities from 1970 to 1993.[18]

¶10 In 1993 Gentry stipulated to charges brought against him by the California State Bar in response to several client complaints.[19] Based on the stipulations the California Supreme Court suspended Gentry from the practice of law for one year. It then suspended the suspension's effectiveness and placed him on probation with the requirement that certain conditions be met.[20] Gentry voluntarily surrendered his legal license prior to the probation period's lapse.[21] He neither notified the OBA of the discipline imposed upon him nor of his subsequent resignation from the California Bar.

¶11 Gentry taught school for approximately five years following his 1993 resignation from the California Bar. In 1999, in anticipation of applying for reinstatement to the California Bar, he entered into a partnership with another attorney who is licensed to practice in that jurisdiction.[22] Respondent testified before the PRT that he was to handle those matters that required licensure to practice law in Oklahoma and, in addition, act as office manager for the firm. The firm's letterhead clearly indicated that Gentry was licensed to practice law *solely* in Oklahoma and his partner in California.

---

17. *Cox, supra* note 10, at ¶8 at 783; *State ex rel. Okla. Bar Ass'n v. Livshee,* 1994 OK 12, ¶7, 870 P.2d 770, 774.

18. Gentry served as a deputy district attorney for Los Angeles county for five years and in the State Fund, a worker's compensation provider, for approximately two years. Except for one year, during which he did not practice law, the other twenty-two years he spent in private practice.

19. The complaints against Gentry for which the California State Bar initially disciplined him dealt with his failure to (1) communicate with clients and inform them of the status of their legal matters (2) complete legal services for which he was hired and (3) supervise office staff. The California charges were comprised of two incidents occurring in 1989.

(a) Gentry was hired to represent Babette L. Lee in an uncontested marital dissolution case. He failed to submit the judgment for entry by the court, and Lee was required to finalize the marriage dissolution without Gentry's assistance. Gentry was charged with violating California's Business and Professions Code Section 6068(m)—for failure to return phone calls and failure to inform Lee that the proceeding was not final—and Rule 3-110 of the California Rules of Professional Conduct—for failure to complete the legal services for which he was hired.

(b) Earnestine San Nicolas employed Gentry to represent her in a tort action, a slip-and-fall case. He was charged with violating California's Business and Professions Code Section 6068(m)—for failing to return the client's phone calls—and with violating Rule 3-110(A) of the California Rules of Professional Conduct—for failing to supervise his office staff and failing to perform all services for which he had been hired.

20. The terms of probation required that Gentry (1) take and pass the California Professional Responsibility Examination (2) report quarterly to the probation department (3) complete a course on law office management (4) submit a law office management plan to his probation monitor and (5) complete twelve (12) hours of California MCLE. These requirements were to be completed within one year of the effective date of his probation.

21. Gentry testified that he might have completed one of the California-imposed Bar requirements before he surrendered his legal license. This latter decision was precipitated by depression and a failed suicide attempt for which respondent was hospitalized for a two-month recuperative period.

22. Gentry testified before the PRT that forming this partnership was suggested to him by a member of the California State Bar's staff. (PRT transcript p. 44.)

¶ 12   It is Gentry's purported role as law office manager that gives rise to today's proceeding.   In 2001 Gentry sent a letter to Prudential Life Insurance Company at the request of a long-time former client.   The letter was on their firm's letterhead and was signed by Gentry.[23]   It is this letter that led to an investigation of Gentry by the State Bar of California for the unauthorized practice of law.[24]   Because Gentry was still licensed to practice law in Oklahoma, the State Bar of California notified the OBA of the grievance against Gentry.   Gentry was then notified by the OBA of the opening of this Oklahoma investigation.

¶ 13   Gentry is charged with (1) failing to notify the Bar when discipline for lawyer misconduct has been imposed by a foreign jurisdiction, RGDP Rule 7.7(2) commission of an act contrary to prescribed standards of conduct, RGDP Rule 1.3, and (3) conduct involving dishonesty, fraud, deceit or misrepresentation, ORPC Rule 8.4(c).   Gentry stipulates that his actions violated these provisions.[25]   We accept respondent's stipulations—and find by clear and convincing evidence—that his admitted conduct offends each rule with whose violation he stands charged.

## IV.

## MITIGATING FACTORS

¶ 14   Mitigating circumstances may be considered in arriving at the assessment of the appropriate measure of discipline.[26] The PRT report contains numerous factors to be considered for purposes of mitigation. It states: (1) respondent's letterhead clearly represents that he is licensed to practice law solely in Oklahoma; (2) that it was because of depression—rather than any intent to conceal that respondent failed to report to the OBA that disciplinary action had been taken against him in another jurisdiction; (3) the California State Bar will address any unauthorized practice of law issues that may be revealed in a future investigation of the respondent [27] (4) respondent has accepted full responsibility for his actions and no harm was caused to any client or third party as a result of respondent's misconduct and (5) respondent has had a long military career, retiring at the rank of Lieutenant Colonel in the United States Army, and a stable thirty-seven year marriage, exhibiting a consistent lifestyle.   We take these into account in determining the discipline to be imposed on the respondent.

## V.

## RESPONDENT'S MISCONDUCT WARRANTS A PUBLIC REPRIMAND

¶ 15   A license to practice law is not conferred for the benefit of the licensee, but for that of the public.[28]   The disciplinary process, including the imposition of a sanction, is designed not to punish the delinquent lawyer, but to safeguard the interests of the public, the judiciary, and the legal profession.[29]   Disciplinary sanctions serve not only

---

**23.**   Gentry testified before the PRT that he did not generally sign letters on the firm's stationary, but that he did so in this instance because he did not view it as a legal matter—he was simply requesting information from the insurance company on behalf of the client.   (PRT transcript pp. 41–43.)

**24.**   Respondent's testimony before the PRT indicates (and the record does not contradict) that ultimately no charges were brought by the California State Bar or the district attorney against him for the unauthorized practice of law.   (PRT transcript p. 18.)   (Gentry's partner was likewise investigated by the California State Bar, but no charges were lodged against him.)   (Complainant's Exhibit 3.)

**25.**   Respondent stipulates that his conduct violated ORPC Rule 8.4(c) only insofar as it constitut-ed a "misrepresentation by omission" and not that his actions dealt with dishonesty, fraud, or deceit.

**26.**   *Schraeder, supra* note 10, at ¶ 27 at 578;   *Cox, supra* note 10, at ¶ 11 at 784.

**27.**   Gentry indicated that he has made application for reinstatement to the California Bar.   (PRT transcript p. 44.)   It is anticipated that unauthorized practice of law may be raised as an issue in that proceeding.   (PRT transcript p. 54.)

**28.**   *Schraeder, supra* note 10, at ¶ 32 at 579;   *Cox, supra* note 10, at ¶ 11 at 784.

**29.**   *Schraeder, supra* note 10, at ¶ 32 at 579;   *Cox, supra* note 10, at ¶ 11 at 784.

to deter the offending lawyer from committing similar acts in the future, but also operate to put others on notice that departures from ethical norms will not be tolerated. The disciplinary measure to be imposed upon the offending lawyer should be consistent with the quantum of discipline visited upon other practitioners for similar acts of professional misconduct.[30]

¶ 16 ORPC Rule 7.7(a) requires a lawyer to inform the OBA's General Counsel within twenty days of a final order of discipline imposed by another jurisdiction. A lawyer's failure to report a previous disciplinary action imposed upon him in another jurisdiction is a serious offense. The parties are in agreement concerning discipline and submit that a public censure is warranted for respondent's misconduct. The parties cite to *State ex rel. Oklahoma Bar Ass'n v. Patterson*[31] as precedent for their disciplinary recommendation.[32] There the court imposed a public censure where it was determined that the attorney-respondent's failure to disclose disbarment by another jurisdiction was not a "deliberate effort at concealment." The PRT report further notes that it agrees with the general counsel's position that whether Gentry was or is engaging in the unauthorized practice of law, while relevant to the determination of the discipline to be imposed here today, is best left for assessment to the authorities in the State of California.[33]

¶ 17 Extant jurisprudence dealing with Rule 7.7, RGDP, violations is scarce. We agree with the parties' recommendation. Here, as in *Patterson*, the respondent's failure to inform the Bar that he had been disciplined by a foreign jurisdiction does not appear to be a "deliberate effort at concealment."[34] At the time of his resignation from the practice of law in California, respondent's mental state (from which he has since recovered) was the primary factor for his failure to report the discipline imposed upon him by that jurisdiction. He was suffering from depression, recovering from a failed suicide attempt and had no intention of practicing law in the future. There is no indication that respondent acted willfully or fraudulently with respect to this grievance. Respondent exhibits remorse for his lapse and has fully cooperated with the Bar during its investigation of the charges against him. No harm was caused to a client or third party as a result of his actions. Under these circumstances, and in accordance with the teachings of *Patterson*,[35] this dereliction does not warrant a severe sanction. The discipline visited upon respondent serves as a warning to him and all practitioners that a violation of the rules is not to be tolerated.

¶ 18 We also agree that whether respondent was or is engaging in the unauthorized practice of law in California is a serious matter which must be left for assessment to California authorities. We emphasize this and remind respondent that should this investigation result in either attorney discipline or a conviction based upon a foreign code's violation he may likely be subject to reciprocal proceedings in accordance with Rule 7.7, RGDP.

---

30. *Schraeder, supra* note 10, at ¶ 32 at 579.

31. *State ex rel. Oklahoma Bar Association v. Patterson*, 2001 OK 51, 28 P.3d 551.

32. *Patterson, supra* note 31, at ¶ 30 at 560. In *Patterson*, respondent-lawyer failed to notify the OBA of his disbarment by the United State Court of Appeals for the Tenth Circuit. The PRT found the violation not to be a "deliberate effort at concealment" and noted mitigating circumstances that included an overwhelming workload due to a partner's illness, respondent's daughter's premature birth and the respondent-attorney's full cooperation throughout the investigation. The court held the proper discipline to be imposed was a public reprimand with payment of costs.

33. While Gentry testified that no charges were brought against him by the California Bar or the district attorney's office in response to the letter which precipitated this disciplinary proceeding, because he is in the process of applying for reinstatement to the California Bar, it is possible that California will revisit this issue.

34. The General Counsel is satisfied, and the PRT appears to agree, that respondent's actions were a result of his ill health and not a purposeful effort to conceal that discipline had been imposed upon him or that he resigned from the California Bar.

35. *Patterson, supra* note 31.

## VI.

### SUMMARY

¶ 19  In sum, the record bears clear and convincing proof that respondent's participation in one count of unprofessional conduct violates the rules governing professional responsibility.  After a thorough review of the record and due recognition of the tendered mitigating factors,

**RESPONDENT IS ORDERED DISCIPLINED BY PUBLIC CENSURE.  HE IS DIRECTED TO ATTEND TWELVE HOURS OF OKLAHOMA–APPROVED MCLE PROGRAMS, INCLUDING ONE HOUR OF ETHICS, FILE ANNUAL MCLE REPORTS FOR AS LONG AS HE MAINTAINS HIS OKLAHOMA LICENSE (OR UNTIL HE REACHES THE AGE OF 65), AND IS DIRECTED TO PAY THE COSTS OF THIS PROCEEDING, WHICH SHALL BE DUE NOT LATER THAN NINETY DAYS AFTER THIS OPINION BECOMES FINAL.**

¶ 20  All Justices concur.