OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. OLIVER

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 STATE ex rel. OKLAHOMA BAR ASSOCIATION v. OLIVER
2016 OK 37
Case Number: SCBD-6268
Decided: 03/29/2016
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2016 OK 37, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

STATE OF OKLAHOMA ex rel., OKLAHOMA BAR ASSOCIATION, Complainant,
v.
JAMES EDWARD OLIVER, Respondent.

BAR DISCIPLINARY PROCEEDING

¶0 The complainant, Oklahoma Bar Association, commenced disciplinary proceedings against the respondent, James Edward Oliver, pursuant to Rule 7 of the Rules Governing Disciplinary Proceedings. The United States Bankruptcy Court for the Western District of Oklahoma suspended Mr. Oliver for his continued failure to properly and accurately fill out electronic bankruptcy forms pursuant to the rules and procedures of that court. Mr. Oliver did not report his suspension to this Court and did not timely notify his clients of his suspension.

THE RESPONDENT STANDS PUBLICLY CENSURED AND ORDERED
TO PAY THE COSTS OF THIS PROCEEDING.

Stephen L. Sullins, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, Oklahoma, for Complainant.
Charles F. Alden, II, Oklahoma City, Oklahoma, for Respondent.

WINCHESTER, J.

¶1 James Edward Oliver, the respondent, was admitted to the Oklahoma Bar Association and has been practicing law in this state since 1967. He has practiced before the bankruptcy courts for twenty-eight to thirty years. He is admitted in the Eastern, Western, and Northern districts of the federal court, and the U.S. Tax Court. Mr. Oliver has not had any previous complaints or disciplinary actions.

¶2 The complaint against Mr. Oliver involves a reciprocal discipline matter initiated pursuant to Rule 7, of the Rules Governing Disciplinary Proceedings. Rule 7.7(a) of those rules provides that "It is the duty of a lawyer licensed in Oklahoma to notify the General Counsel whenever discipline for lawyer misconduct has been imposed upon him/her in another jurisdiction, within twenty (20) days of the final order of discipline, and failure to report shall itself be grounds for discipline."[1] Mr. Oliver failed to report his suspension from practicing before United States Bankruptcy Court for the Western District of Oklahoma. On May 12, 2015, this Court issued an order to Mr. Oliver allowing him to show cause in writing why a final order of discipline should not be imposed, or to request a hearing. He answered requesting a hearing, which this Court granted.

¶3 Pursuant to Rule 7.7(b) this Court permitted Mr. Oliver to submit a certified copy of the transcript of the evidence taken by the Bankruptcy Court. That rule also provides that the documents of the adjudication by the federal court constitute the charge and those documents are prima facie evidence the lawyer committed the acts described therein. However, the transcript of the hearing may be used to support a claim that the evidence found by the other jurisdiction, in this case the bankruptcy court, did not furnish sufficient grounds for discipline in Oklahoma. The respondent is also allowed by Rule 7(b) to present evidence and argument tending to mitigate the severity of discipline imposed by this Court.

¶4 During the hearing before a trial panel of the Oklahoma Bar Association's Professional Responsibility Tribunal, the complainant entered as exhibits the bankruptcy court's transcript of proceedings, and the documentation of the orders issued by that court. Judge Sarah A. Hall, who serves in the Western District of Oklahoma, suspended Mr. Oliver from practice in that court for a period of at least 30 days on October 29, 2014, and reinstated him on December 1, 2014. That judge suspended him again on January 14, 2015, for a period of at least 60 days. On June 15, 2015, that court permanently suspended him from practicing in the United States Bankruptcy Court for the Western District of Oklahoma. Those documents were included in the complainant's exhibits.

¶5 During the hearing before the trial panel, Mr. Oliver acknowledged that his problems with the bankruptcy court were caused by his lack of expertise in computer skills and his frustration in trying to meet the federal court's expectations with electronic pleading requirements. No testimony nor any documents showed an insufficiency in Mr. Oliver's knowledge of substantive bankruptcy law. The trial tribunal reported that his problem was technological proficiency. This, in itself, does not disqualify him from practicing law in the courts of Oklahoma.

¶6 In the show cause hearing before the federal court on May 6, 2015, Judge Hall informed him of the errors that he made in filing nine "homework" documents that she had assigned to him. Mr. Oliver began by answering the judge's invitation to tell her why he should not permanently be suspended from practicing in that court. He replied he had an attorney friend who would be willing to assist him with all of the filings for the next few weeks. When questioned by the court he named a specific attorney. The judge was not familiar with that attorney and told him he needed an attorney who knew bankruptcy exceptionally well. She told him he had thirty days to "have a lawyer on board," and one who was well-versed in the local rules and guidelines. She wanted that lawyer to file something telling the court that the attorney agreed to assist Mr. Oliver. The judge instructed him to resubmit the homework without any errors, neither rules errors nor even any typographical errors. Again she told him that he would have to submit something from an attorney who confirms the attorney was well-qualified and had agreed to assist Mr. Oliver in his bankruptcy filings.

¶7 In the bankruptcy court's order of May 7, 2015, the judge memorialized her instructions from the show cause hearing. In her instructions he was required to refile the nine documents he previously presented, which had to be "error free." She ended that paragraph with the sentence, "In doing so, Oliver may not seek or obtain assistance from this Court's law clerk, the staff of the Court Clerk's office or any other person." The next paragraph requires him to file a document certified under oath from a bankruptcy attorney agreeing to associate with Mr. Oliver and assist him in the preparation and filing of "documents with this Court" and that he or she was well versed in the Local Rules and Guidelines of the court and the Federal Rules of Bankruptcy Procedure."

¶8 In the June 15, 2015, order permanently suspending Mr. Oliver from the practice of law, the court accused and concluded that Mr. Oliver disobeyed the order of the court by contacting a bankruptcy lawyer admitted in that court and paying him "$1,000.00 to provide the nine (9) documents" the court required. However, that attorney had called and talked to the judge's law clerk with Mr. Oliver's permission to find out what he was permitted to do to aid Mr. Oliver. The attorney testified before the trial panel that he told the clerk that Mr. Oliver did not hire him to ghost-write the assignment, and that Mr. Oliver had worked pretty hard on the assignment on his own. The attorney testified he told the clerk that "I had worked on reviewing some forms that Ed had done, and most of them looked pretty good and they could use some tucking in in a few areas." He further testified that Mr. Oliver had talked to him "regularly" about needing a short letter about the attorney's knowledge of bankruptcy law and that he was willing to work with Mr. Oliver. He had not talked to the judge, but only to her clerk, and there was no hearing subsequently before the judge. The only testimony given under oath is that which was held before the trial panel of the Professional Responsibility Tribunal. Accordingly, we find by clear and convincing evidence that the Bar Association did not prove that Mr. Oliver's intent was to have another bankruptcy attorney do his "homework" for him. We can easily conclude that within the context of the bankruptcy court's order, Mr. Oliver was required to obtain the aid of a competent bankruptcy attorney, and he did that. He even specifically permitted that attorney to talk to the judge's clerk to find out what he was supposed to do to help Mr. Oliver.

¶9 At the hearing before the trial panel, the bankruptcy attorney's testimony, subject to cross-examination, explained that Mr. Oliver wanted him to check over the nine documents that Mr. Oliver had already completed, and that the money was for the attorney to continue to help Mr. Oliver in his bankruptcy practice. The attorney submitted a document memorializing their agreement with part of the $1,000 to be credited to future months, and the amounts of future payment. An arranged per-month payment followed. This is not inconsistent with the bankruptcy court's second requirement. The attorney testified that he wished to make it clear to the tribunal that he had not been asked, nor did he "ghost-write" the documents for Mr. Oliver. The trial panel did not find, nor do we, that the evidence supports any discipline regarding this particular matter.

¶10 During the hearing before the trial tribunal Mr. Oliver acknowledged his lack of expertise in computer skills and his frustration in trying to meet the federal court's expectations in filing electronic pleadings. Mr. Oliver is suspended from the bankruptcy court. This, in itself, does not disqualify him from practicing law in the courts of Oklahoma. There is no such argument in the briefs. The trial panel made no such finding.

¶11 In the trial panel's report it recommended to this Court that Mr. Oliver be publicly reprimanded, based on its findings that he failed to provide notice to the OBA general counsel regarding his discipline before the United States Bankruptcy Court for the Western District of Oklahoma. The panel also found that Mr. Oliver did not deliberately conceal his suspensions. He admitted that his oversight resulted from ignorance of the rule. The panel also found that Mr. Oliver admitted that he should have provided more timely notice of his suspensions to his clients. Mr. Oliver's exhibit number one, which is file stamped April 21, 2015, is a list of the clients he notified of his sixty day suspension ordered January 14, 2015.

¶12 The prosecutorial arm of the Oklahoma Bar Association, which had all the evidence before it, recommends that Mr. Oliver's discipline should be within the range bounded by a public censure to a suspension from the practice of law for six (6) months. The report of the trial panel, after hearing all the mitigating evidence and observing the witnesses as they testified, recommends that Mr. Oliver's discipline be public censure.

¶13 In State ex rel. Okla. Bar Ass'n v. Gentry, 2003 OK 95, ¶ 16, 80 P.3d 135, the Court concluded that public censure was the appropriate discipline where there is no evidence of any deliberate effort at concealment of discipline from another jurisdiction. The State of California suspended Gentry's license to practice law after he stipulated to charges brought against him by the California State Bar in response to several client complaints. Gentry subsequently voluntarily surrendered his legal license prior to the probation ordered by the California Supreme Court. He was subsequently investigated by the California State Bar for the unauthorized practice of law. When he was investigated by Oklahoma he was charged with and stipulated to (1) failing to notify the Bar of the discipline in California, in violation of RGDP Rule 7.7; (2) commission of an act contrary to prescribed standards of conduct in violation of RGDP Rule 1.3; and (3) conduct involving dishonesty, fraud, deceit or misrepresentation, ORPC Rule 8.4(c). This Court accepted the stipulations. Gentry, 2003 OK 95, ¶ 13, 80 P.3d at 140. The Court also found mitigating circumstances. Gentry did not claim to be ignorant, he claimed and was found to be depressed. Nevertheless, the Court disciplined him by public censure.

¶14 The Report of the Professional Responsibility Tribunal concerning Mr. Oliver specifically found with regard to failure to notify the Bar Association of his suspensions, "There is no evidence of a deliberate effort at concealment." The trial panel additionally found that Mr. Oliver admits he should have provided more timely notice of his suspensions to his clients. The panel noted that Mr. Oliver continues to attend bankruptcy CLE seminars even though he is no longer required to attend CLE seminars.

¶15 The record supports by clear and convincing evidence that Mr. Oliver failed to report his suspensions to the general counsel of the Bar Association, and that he did not timely notify his bankruptcy clients of those suspensions. We encourage Mr. Oliver to continue to improve his computer skills, or better, to hire an adept administrative assistant to do his pleadings. Public censure is appropriate. He is also assessed the costs of the proceedings in the amount of $1,317.47, to be paid within 90 days from the date this opinion is handed down.

THE RESPONDENT STANDS PUBLICLY CENSURED AND ORDERED TO PAY THE COSTS OF THIS PROCEEDING.

Concurring: Reif, C.J., Watt, Winchester, Edmondson, and Colbert, JJ.

Dissenting: Combs, V.C.J., (by separate opinion), and Taylor, J.

Not participating: Kauger, and Gurich, JJ.

FOOTNOTES

[1] 5 O.S.2011, ch. 1, app. 1-A. This Rule was amended by order of the Supreme Court, 2014 OK 82, eff. September 30, 2014.

 

 

COMBS, V.C.J., with whom Taylor, J., joins, dissenting:

¶1 I respectfully dissent to the majority's decision to publicly censure the Respondent, James Edward Oliver. The decision merely to publicly censure the Respondent results from a mischaracterization of his problematic conduct while practicing before the United States Bankruptcy Court for the Western District of Oklahoma (Bankruptcy Court). Respondent's actions resulted, after several temporary suspensions, in his permanent suspension by the Bankruptcy Court in June of 2015.

¶2 The majority determines Respondent's problem to be one of computer illiteracy and declares Respondent's inability to adapt to electronic forms and filing to be the reason for the Bankruptcy Court's progressive disciplinary orders, noting those issues have little bearing on his ability to practice law in the State of Oklahoma generally. A detailed examination of the record in this cause reveals that Respondent's issues go far beyond technological illiteracy.

¶3 The series of disciplinary orders concerning Respondent reveal an attorney not only unable to meet the minimum requirements of modern bankruptcy practice but also one unwilling to make any substantial effort to do so. Respondent effectively ignored the local rules and guidelines, made no effort to correct his work despite being given personalized help by the Bankruptcy Court's staff on more than one occasion, and insulted court staff when the Bankruptcy Court refused to bend the rules for him.

¶4 After giving Respondent multiple chances, the Bankruptcy Court ordered Respondent to submit draft templates of nine frequently filed documents, and specifically stated that "in doing so, [Respondent] may not seek or obtain assistance from this Court's law clerk, the staff of the Court Clerk's office or any other person." In a separate portion of the same order, the Bankruptcy Court required Respondent to file a document certified under oath by a bankruptcy attorney conforming that the attorney would assist Respondent in his practice.

¶5 Respondent violated the terms of this order. Either he did so deliberately or because he did not read it carefully. Respondent hired another bankruptcy attorney to review and make corrections to the draft templates he was ordered to complete on his own. He did not disclose to this attorney his disciplinary issues with the Bankruptcy Court or the underlying reason he needed the draft forms. The attorney hired by Respondent only learned all the details when he became concerned and contacted the Bankruptcy Court himself.

¶6 Respondent: 1) in both form and substance demonstrated incompetency to practice law before the Bankruptcy Court of the Western District of Oklahoma; 2) failed to make honest attempts to improve despite personalized help from court staff, directing insults instead; 3) violated a direct order of the Bankruptcy Court; 4) displayed a profound lack of candor; 5) failed to notify this Court of his suspensions; and 6) failed to timely notify his clients of his suspensions, resulting in the administrative closure of several of their cases.

¶7 To quote the Bankruptcy Court's own Order of Permanent Suspension: "[Respondent] has blamed his problems on software deficiencies and computer glitches, even when poor reading comprehension, impatience and/or lack of attention to detail were the real culprits." As part of the disciplinary process, it is our duty to inquire into and gauge a lawyer's continued fitness to practice law, with a view to safeguarding the interest of the public, of the courts, and of the legal profession. State ex rel. Okla. Bar Ass'n v. Friesen, 2015 OK 34, ¶18, 350 P.3d 1269; State ex rel. Okla. Bar Ass'n v. Layton, 2014 OK 21, ¶34, 324 P.3d 1244. I am unconvinced Respondent will represent future clients with any more competence than he displayed in his bankruptcy practice, and find his lack of candor and blatant disregard for the Bankruptcy Court's orders disturbing. I would suspend Respondent for two years and one day.






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 2003 OK 95, 80 P.3d 135, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. GENTRY
Discussed at Length
 2014 OK 21, 324 P.3d 1244, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. LAYTON
Discussed
 2014 OK 82, IN RE: AMENDMENTS TO RULES 7.2 AND 7.7(b)
Cited
 2015 OK 34, 350 P.3d 1269, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. FRIESEN
Discussed